Hemphill, Oh. J.
A difficulty presented in this cause is that the grounds upon which the court acted cannot be ascertained. They do not appear of record, and the counsel of appellants in his brief states that he is at a loss to conceive what they were.
The motion was*died one day after the dissolution of the injunction and the dismissal of the petition; but its refusal on the ground of its being too late is not probable, as, had it been substantial in law, the court would have acted upon it as on motion to reform a judgment, and not as made in a case out of court. The court may have been of opinion that the law does not in (he dissolution of an injunction authorize a summary judgment for the amount enjoined on the bond given by the plaintiff on obtaining the injunction, and it is very probable that if this were a new question plausible reasons might be urged in support of such opinion. Tt is very clear that without the authority of law summary judgments cannot be entered upon bonds given in the course of a judicial proceeding and collateral to the main action; and it is not expressly declared in the statute that the injunction bond on forfeiture shall have the force and effect of a judgment, or that judgment shall be entered up against the principal and his sureties for the amount of the debt released by the dissolution of the injunction. But the terms of articles 1602 and 1603 have been regarded as equivalent to an express declaration to that effect; and *147 the practice lias been, on the dissolution of an injunction restraining: the collection of an execution, to enter np such judgment.
This was, perhaps, not the ground on which was based the action of the court* as the judgment, on the dissolution of the injunction, went against not only the plaintiff hut also the surety for costs, the statute not being' more specific in authorizing immediate judgment for costs against the surety in the injunction bond than it is for damages, especially in cases of delay, or for the debt, according to the received construction of the statute.
With reference to the refusal of that branch of the motion asking judgment for damages, it may be observed that the error of the District Court in refusing to give damages for delay must be of the most palpable character to authorize a reversal in that particular. Such judgment is founded, at least mainly, on the want of probable cause, and this may be ascertained from the record. But the court is not required to give such damages, unless, in the language of the law, ‘‘it be satisfied that the injunction was obtained only for delay.” In a case contested as this was there may be many circumstances which cannot be appreciated by this court, but which would have their just influence in inducing the court below to refuse damages, as in case of delay.
Much discretion must be allowed to the District Court in its assessment or . refusal of such damages, and its action should not be disturbed, unless for manifest error or mistake of the law.
In this case the answers repel the principal grounds of equity urged by thé plaintiff, and the averments of the answers are found by the jury to be true, and acting upon these alone we might award damages as for delay; but the District Court had all the facts occurring- during the progress of the trial before it, and it does not appear to have been satisfied that the injunction was obtained only for delay.
From tlie facts as presented by the record we cannot say that this conclusion was erroneous, and that the court should, under all the circumstances of the ease, have formed and acted upon a different opinion. The judgment, so far as it refuses damages, must therefore be affirmed.
It is ordered that the judgment be reversed, and that the judgment be entered, as it should have been originally pronounced, against the appellee and his surety on the bond, for the amount of the executions enjoined, and for interest and costs.
Subsequent to the delivery of the foregoing opinion, my attention has been again directed to the bond, from the difficulty experienced by the clerk in entering up the proper judgment, and to the variance between the amount of the two- executions as recited in the bond and the amount stated in the petition: the aggregate amount, as stated in the bond, being one hundred and five dollars and ninety-seven cents, and, as stated in the petition, this is the precise amount of one alone of the executions, the other being for fifty-nine dollars and thirty-eight cents. As the appellants would not probably desire a judgment for one hundred and five dollars and ninety-seven cents, the amount stated in the bond and entered in the judgment rendered on the executions, it is ordered that the judgment heretofore rendered be set aside, and the judgment of the District Court affirmed.
Judgment affirmed.
Note 58. — Ross v. Lister, 14 T., 469.