TAYLOR ET AL. v. BROWNFIELD ET AL.

1. **School District:** ELECTION. Where it appeared that a majority of all the electors of a school district voted to issue bonds for the erection of a school house, it was *held*, that the selection of an ineligible site or the fact that a former election had resulted against the issuance of bonds, would not invalidate the election.

2. **Injunction:** DISSOLUTION OF: DAMAGES: PRACTICE. Upon the dissolution of an injunction damages consequential in their nature cannot be assessed in a summary manner upon motion. Process must issue, issues be formed, and evidence introduced, as in actions for the recovery of damages.

*Appeal from Wapello District Court.*

TUESDAY, OCTOBER 5.

THE defendants are the directors of the Independent School District of Eldon, and the action is in chancery to enjoin them from issuing certain bonds of the district for the purpose of borrowing money to be used in building a school house. A preliminary injunction was issued upon the petition, without notice to the defendants. Subsequently, a motion made to

the judge allowing the injunction to dissolve it, was sustained, and, at the succeeding term of the court, upon a motion by defendants, a judgment was rendered against plaintiffs for $100 damages sustained by the issuing of the injunction, that being the amount of the attorney's fees which the court found the defendants were liable to pay in the defense of the action. Plaintiffs appeal from the order dissolving the injunction, as well as from the judgment for damages.

*Lea & Beaman* and *H. B. Hendershott*, for appellants.

The president of the board of directors was not authorized to accept, for the district, a deed of the site. (*Taylor v. Dist. Tp. of Wayne*, 25 Iowa, 447; *Taylor v. Dist. Tp. of Otter Creek*, 26 Id., 281; *Manning v. Dist. Tp. of Van Buren*, 28 Id., 332.) The records of corporations are conclusive upon them as to the acts of which they speak. (Dillon on Mun. Corp., § § 233–6.) Where fraud is charged the injunction will be continued until final hearing. (*Sinnett v. Moles*, 38 Iowa, 125.) The provisions of the registry law are mandatory. An election without registration is void. (*Nefzger v. D. & St. P. R. R.* 36 Iowa, 442.) Where the gravamen of the bill is not fully answered, or the court is in reasonable doubt, or any material allegation remains unanswered, the injunction will not be dissolved on motion. (Hilliard on Injunc., § § 39, 41, 43; *Sinnett v. Moles, supra.*) Substantial issues cannot be tried on motion. (*Lyons v. Frazer*, 8 Iowa, 350.)

*Stiles & Burton*, for appellees.

The board of directors has exclusive power to fix or change the school house site. (*Vance v. Dist. Tp. of Wilton*, 23 Iowa, 408.) It is the uniform practice, upon the dissolution of an *ex parte* injunction, for the court either to assess the damages or refer the matter to the clerk, master or referee. (Kerr on Inj., 224; High on Inj., 557; *Sturgis v. Knapp*, 33 Vt., 486; *Edwards v. Pope*, 3 Scam., 365; *Roberts v. Dust*, 4 Ohio St., 502; *Lathrop v. Southworth*, 5 Mich, 436; *Benton v. Fisk*, 30 N. Y., 166.)

BECK, J.—I.   The petition alleges various grounds for the relief prayed for, as that at the time the vote for the issuing of the bonds was ordered by the directors and taken, the district had procured no site for the

1. SCHOOL DIS-
TRICT: elec-
tion.

school house; that another election had been ordered and held but a short time previously, at which the proposition to borrow money was defeated; that the election under which the bonds are about to be issued was ordered in bad faith by the directors; that insufficient notices of the election were given; that the election was held without regard to the registry law, and that the site proposed for the school house is not a proper place therefor.   Allegations of some other matters of like character are found in the petition.

The defendants answered the petition and filed affidavits in support of their answer.   Thereon they based the motion to dissolve the injunction.   The answer sufficiently denies all the allegations of matters which, if true, would be grounds for holding the action of the directors and electors, in regard to the bonds, void or irregular to such an extent as to invalidate the proceedings.   The district had procured a site for the school house, and determined, in the manner prescribed by law, to adopt it as the place where the building should be erected; notices for the election were duly given and the proceedings and actions of the board ordering the election were sufficient.   The election was conducted under the registry law; whether that was necessary we do not determine.

There are no sufficient charges of fraud made in the petition, and certainly none established by the evidence, to invalidate the proceedings.   The fact that a prior election upon a proposition to borrow a large sum of money had resulted unfavorably, is no ground to defeat the subsequent action of the directors and electors.   It is shown that a majority of all the votes of the district were in favor of issuing the bonds.   The law charges the directors with the duty of selecting a site for the school house.   It is not shown that they exercised this lawful power in such a way as to require the court to set aside the action.   Other points made in the petition need not be noticed. It is our opinion that the District Judge correctly dissolved the injunction.

The Iowa Northern Cent. R. Co. v. Bliobenes.

II.   In our opinion the court erred in assessing defendants' damages in a summary way upon motion. Whatever authority

2. INJUNC-
TION: disso-
lution of.

was conferred by the Revision for such action, it is not found in the Code; the statute now confers no such power, and we think the rules of chancery prevailing here do not in cases of this character.   It may be, but this point we do not decide, that, upon the dissolution of an injunction, damages which are the immediate and necessary result of the allowance of the writ and which depend simply upon computation for their determination, as the allowance of interest when the payment of money has been restrained and the like, may, by summary proceedings of this kind, be recovered.   But damages consequential in their nature, as expenses, attorney's fees, etc., which demand for their determination the examination of evidence, ought not to be recovered in any other way than by proceedings wherein process is required, issues are formed and evidence introduced as demanded by the law regulating the action for the recovery of damages in other cases. The judgment for damages is reversed; the order dissolving the injunction is affirmed.

MODIFIED AND AFFIRMED.