## Caroline W. Sears v. Robert Sears et al.

1. Homestead—Abandonment by Wife.—A widow who abandons her husband without cause, thereby loses her right to the homestead and to any interest in the husband's separate property upon his death.

2. Practice—Evidence.—Where the statement of facts shows that appellant had the benefit of testimony shown by bills of exceptions to have been excluded, the ruling complained of in the bill of exceptions will not be revised.

3. Special issues—Verdict.—Where special issues are submitted to the jury, and the verdict finds on some of the issues the material facts in controversy, and sufficient to sustain a judgment, the neglect to answer other issues submitted, is not cause for reversing the judgment on appeal.

Appeal from Dallas. Tried below before the Hon. H. Barksdale.

Caroline W. Sears, widow of John Sears, sued Robert Sears and others, children of John Sears and a former wife, for the homestead and other exempt property of the deceased. The defense interposed was that the plaintiff had abandoned the deceased without cause. Plaintiff justified her separation from her husband, replying that she was compelled to leave him on account of his cruel treatment to her, alleging the acts of cruelty.

On the trial the court submitted the following special issues to the jury:

1. Whether plaintiff left the house of and abandoned her husband, John Sears, prior to his death, and lived separate and apart from him at the time of his death, against his consent.

2. If you find that plaintiff abandoned her said husband prior to his death and lived separate and apart from him at that time, then you will find whether such abandonment and separation was voluntary and without cause, or was caused by the cruelty and ill treatment of her said husband.

3. If you find that plaintiff abandoned her husband because

of ill-treatment, then you will find the nature and kind of ill-treatment, and give full particulars thereof.

4. You will find of what real estate the said John Sears died seized and possessed, giving the metes and bounds thereof, and whether he occupied the same or any part thereof as a homestead at the time of his death; if so, find what part was so occupied.

5. You will find what personal estate the said John Sears owned at his death, giving the articles and value of each.

6. You will find whether defendants have possession of any real estate owned by John Sears at his death, and whether they detain and withhold the same from plaintiff.

7. If you find that John Sears owned or occupied real estate or a homestead at the time of his death, then you will find the reasonable value, rents, and profits thereof from his death to the institution of this suit.

8. You will find whether the said John Sears was married and lived with his wife prior to his intermarriage with plaintiff; if so, did he live with said first wife up to her death, and whether at her death she and her husband owned real estate in common, and what real estate, and the value.

Four other special issues were submitted concerning the property, separate and community, acquired during the first marriage, and the disposition of the same.

The jury returned the following verdict: "We, the jury, find that the plaintiff Caroline W. Sears, left the home of and abandoned the bed and board of her husband, John Sears, and lived separate and apart from him prior to his death, without cause and without his consent." Upon this verdict judgment was rendered for the defendants, and plaintiff appealed. The additional facts necessary are given in the opinion.

*Caroline Sears*, for self.

*James H. Burts* and *George W. Glasscock*, also for appellant.

*Mc Coy & Mc Coy*, for appellees.

MOORE, ASSOCIATE JUSTICE.—If appellant, without any
just and reasonable cause, voluntarily abandoned her hus-
band, and, without any intention of returning, continued to
live separate and apart from him until his death, it is well
settled by the former decisions of this court that she cannot
claim the benefit of the homestead law.    (Trawick *v.* Harris, 8
Tex., 312; Earle *v.* Earle, 9 Tex., 630.)

It is only when there is some surviving constituent of the
family that property exempt from forced sale forms no part
of the estate of a deceased person, upon which administration
can be had.    (Paschal's Dig., art. 5487.)    If no constituent of
the family of the decedent survives him, the homestead is a
part of the estate subject to administration for the payment
of debts or to distribution to heirs or devisees, just as any
other property of which the owner dies seized and possessed.
However liberal may be the construction which should be
given the homestead laws, it cannot be supposed that they
were intended for the benefit and protection of a party who
has without excuse or justification broken up and destroyed
the very relation upon which they are founded, and for the
security and well being of which they are intended.  If, as
says Mr. J. Lipscomb, "the wife has wantonly destroyed the
harmony of the matrimonial relation and voluntarily with-
drawn from the narrow but sacred precincts of that home in
which she was protected by the law, * * * and is no longer
found a priestess ministering at the household altars," she is
estopped from claiming the immunities conferred upon those
recognizing and fulfilling these sacred duties.

The fact of appellant's separation from her husband was
not controverted.    Whether she did so with or without cause
was a question for the jury.    And as the testimony, to view
it in the most favorable light for appellant, is conflicting, we
must regard their verdict upon it as decisive.

The only question of importance presented in the record

is that raised by the ruling of the court sustaining appellee's objections to the questions propounded by her counsel to appellant. But although from the bill of exceptions the objection seems to have been sustained, it appears from the statement of facts that she in fact testified in reference to the very matters, in regard to which these questions were calculated to elicit her testimony. Having gotten the benefit of the evidence, the ruling of the court sustaining the objections to the questions is immaterial. If we admit that the ruling was erroneous, as it worked her no injury, she has no just cause of complaint. The bill of exceptions also fails to state the ground of objection to the questions, as has been frequently held it should. If this had been done, the apparent contradiction between the statement of facts and the bill of exceptions might be dissipated.

The verdict of the jury on the issues upon which they found obviated the necessity of a direct finding upon the other issues submitted to them by the court. The verdict decides the essential questions upon which the merits of appellant's case depended, and warrants and supports the judgment. This is all that it was necessary for the jury to do.

The other errors presented by the assignment are too general and indefinite to merit discussion.

The judgment is affirmed.

AFFIRMED.