| 57 | 129 |
| 77 | 455 |
| 57 | 129 |
| 81 | 245 |

## TEXAS & N. O. R'Y CO. v. MARTIN WHITE.

(Case No. 4401.)

1. JUDGMENT—INJUNCTION.—The judgments formerly authorized against the sureties on an injunction bond, where injunction issued to stay collection of a judgment, were on a construction of art. 3936, Pasch. Dig., and were statutory judgments. They were not rendered by the district court under its general equity powers. Under the Revised Statutes no judgment can be rendered against the principal and sureties on an injunction bond, or against the principal alone, on dissolution of the injunction.

2. SAME.—On the dissolution of the injunction the holder of the judgment pursues his ordinary remedy to collect the same, and the bond which restrained its collection gives him an additional security for his debt.

3. SAME.—The ten per cent. damages allowed by statute on the amount of the debt, when the collection of money is enjoined, is the measure of defendant's remedy on the dissolution of the injunction, unless by pleading and evidence a necessity for further relief is shown, in which event the court, in the exercise of its general equity powers, will grant the relief. But such further relief cannot be afforded on exceptions which go only to the dissolution of the injunction, dismissal of the bill, and entry of judgment for statutory damages.

---

---

4. Same — Statute construed.— Art. 2898, R. S., providing that the principles, practice and procedure in courts of equity should govern proceedings in injunction when the same are not in conflict with the statute, did not add anything to the powers already possessed by the district courts before.

Appeal from Tom Green. Tried below before the Hon. A. Blacker.

The opinion states the case.

*E. P. Hill,* for appellant.

*John B. Rector,* for appellee.— It was legal for the court, on final hearing, to dismiss the bill and render judgment against the principal and its sureties on the injunction bond for the full amount of the judgment enjoined. R. S., art. 2894 (substantially the same as art. 1602, Hart. Dig., and art. 3935, Pasch. Dig.); Miller *v.* Clements, 54 Tex., 354; Carlin *v.* Hudson, 12 Tex., 204; Garner *v.* Smith, 40 Tex., 515; Walker *v.* McMaster, 48 Tex., 215; Cooke *v.* Garza, 13 Tex., 447; James *v.* Reynolds, 2 Tex., 256; Western *v.* Woods, 1 Tex., 1; Black *v.* Carothers, 6 Humph. (Tenn.), 87; 2 High on Injunctions, §§ 1643, 1670; Parker *v.* Slaughter, 24 Iowa, 252; Woods *v.* Irish, 14 Iowa, 427; Patterson *v.* Hobbs, 1 Litt. (Ky.), 275; Ward *v.* Davidson, 2 J. J. Marsh. (Ky.), 443; Suderland *v.* Crawford, id., 369; 7 id., 53; Hunt *v.* Scobeel, 6 B. Mon., 469; Williamson *v.* Williamson, 6 B. Mon., 307; Perry *v.* Kearny, 14 La. Ann., 400; Williams *v.* Close, 14 La., 737; Edwards *v.* Kesson, 5 Jones' Eq. (N. C.), 92; Lewis *v.* Sutliff, 8 Ohio, 60.

Stayton, Associate Justice.— This action was instituted by the appellant to restrain, by injunction, the enforcement of a judgment rendered in favor of the appellee and against the appellant in the district court for Tom Green county. The suit was filed on the 4th of February, 1880. The grounds set out in the petition for injunction, in the view we take of the case, need not be stated.

The injunction was granted by the district judge holding terms in Harris county; the necessary sureties were given, and the writ of injunction issued. Exceptions were filed to the petition, together with motion to dissolve the injunction. On May 20, 1880, the exceptions were heard and sustained by the district court, the injunction dissolved, and a judgment rendered against the appellant and the sureties upon its injunction bond for the sum of $2,326.66, with interest thereon from the 3d day of June, 1879, at the rate of eight per cent. per annum, from which the principal in the injunction bond alone has appealed.

It appears that there had been collected upon the judgment enjoined, prior to the institution of this suit, the sum of $119. There were no pleadings by the appellee setting up any special damage resulting from the suing out of the injunction, nor was there any trial of the cause upon the facts.

The second assignment of error is, " The court erred in rendering judgment against the plaintiff and the sureties on the injunction bond for the amount enjoined." The judgment seems to have been rendered for the sum due upon the original judgment on the 3d day of June, 1879, and the propriety of rendering that judgment is the only question necessary to be considered.

To a proper determination of this question it becomes necessary to consider the legislation in this state upon the subject, and the decisions made construing the several acts.

The act of 25th January, 1841, provided that " every bond executed for the purpose of obtaining an injunction shall, on the dissolution of the said injunction, have the force and effect of a judgment, and the party or parties whose judgment may have been enjoined may take out execution against all the obligators in the bond." In the case of Western v. Wood, 1 Tex., 7, it was held that the rendition of a judgment upon the dissolution of an injunction, under that act, against the principal and sureties upon the injunction bond, was not such error as would require a reversal of the judgment; as the bond itself, by the statute, was given the force and effect of a judgment.

The act of May 13, 1846 (Pasch. Dig., 3935, 3936), provided that, " upon the dissolution of an injunction either in whole or in part, where the collection of money has been enjoined, if the court be satisfied that the injunction was obtained for delay, damages thereon shall be assessed by the court at ten per cent. on the amount released by the dissolution of the injunction, exclusive of costs; and in all other cases the damages shall be assessed by a jury sworn for that purpose; if neither party require a jury, the damages may be assessed by the court."

" The court shall enter an interlocutory judgment, or a decree, according to the circumstances of the case, including the damages assessed as aforesaid, against the principal and sureties in the injunction bond, and may award execution thereon, or enforce such decree, in such manner as may be proper, according to the rules and practice of the court."

Under the statute above set out, in case of Cook v. De la Garza, 13 Tex., 447, it was held that on the dissolution of an injunction

restraining the collection of money, it was proper to render judgment against the principal and sureties on the injunction bond for the principal sum enjoined and for the damages assessed, and such has been the line of decision under that statute.

This action was instituted since the adoption of the Revised Statutes, which, in reference to the judgment to be rendered upon the dissolution of an injunction, provides that, "Upon the dissolution of an injunction, either in whole or part, on final hearing, where the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only for delay, damages thereon may be assessed by the court at ten per cent. on the amount released by the dissolution of the injunction, exclusive of costs." This is the same as the first part of art. 3935, Pasch. Dig.; and art. 3936, Pasch. Dig., is entirely omitted in the Revised Statutes. It was upon the construction of art. 3936, Pasch. Dig., that the decision in Cook v. De la Garza and the succeeding decisions were made; and the inquiry now arises as to whether, under the present statute, such a judgment can be rendered against the principal and his sureties, or against the principal alone, upon the mere dissolution of an injunction by which the collection of money has been restrained.

The judgments rendered under the former statute were statutory judgments, and not judgments rendered by the court under its general equity powers; and when we consider the change made in the statute, we are forced to the conclusion that a judgment cannot now be rendered against the principal and sureties, nor against the principal alone, for the principal debt enjoined, upon the mere dissolution of an injunction; for there is now no statutory authorization to the courts so to do, and no summary judgment can be rendered on a bond without such authorization. Fall v. Ratliff, 10 Tex., 292. The award of a temporary injunction to stay proceedings to collect a judgment at law does not satisfy or discharge the judgment enjoined, and if it be not made perpetual upon final hearing, the holder of the judgment can proceed to collect the same, and the bond given to obtain the injunction gives to him an additional security for his debt, the enforcement of which, if it becomes necessary, and mode thereof, will be hereafter considered.

The statute providing for a judgment for ten per cent. damages where the collection of money is enjoined, and providing for no other judgment, excludes the idea that any other judgment may be rendered, unless upon proper pleading and proof it is made to appear that there is a necessity for further relief to the creditor, which, if shown to the court, it has full power, in the exercise of its general

equity power, or of its common law jurisdiction, to grant. But such power can only be called forth by pleading and proof, and it cannot be invoked by exception, which goes only to the dissolution of the injunction, dismissal of the bill, and entry of judgment for the statutory damages.

Any other view of the question would be at war, in the absence of a statutory method of procedure and declaration of right, with the whole remedial system, which requires a party claiming a judgment or relief to show by pleading and proof that he is entitled to have it by reason of some injury which he has received.

The practice and procedure for ascertaining and assessing damages upon injunction bonds varies in the different states, and but little light upon this subject would be received from the reported cases; for each state, either by express legislation, or local rules of practice adapted to the organization of its courts, pursues its own method. In many of the states relief is granted upon proper suggestions in pleading in the injunction suit, without resort to another. High on Injunctions, 1657. But in none of them, so far as we have examined, in the absence of a statute so directing, can a judgment be entered against the principal and sureties, or against the principal alone, for the amount of a monied judgment, upon the mere dissolution of an injunction upon exception being sustained to the petition; and there would seem to be no reason for entering such a judgment against the principal debtor, for he is already bound by the judgment enjoined, and another would be of no greater value to the creditor.

The courts of this state, having a blended jurisdiction, would have full power in an injunction suit to grant all the relief to which a creditor would or could be entitled, without resort to a separate suit upon the injunction bond; and if by reason of the insolvency of the debtor after an injunction was granted, or if from any other cause resulting from the suing out of an injunction, and consequent hindrance to the creditor in the collection of his debt, his judgment could not be collected, we have no doubt that the creditor, by proper pleading and proof in the injunction suit, could obtain such relief as he might show himself entitled to, and this against the principal and his sureties. Such we are of the opinion would be the proper practice when some relief other than the statutory damages is sought.

It is claimed, however, that art. 2898, Revised Statutes, gives the courts a broad and general power to render such a judgment as was rendered in this cause. That article provides that "The principles, practice and procedure governing courts of equity shall govern

proceedings in injunctions, when the same are not in conflict with the provisions of this title or other law." It is not believed that this article adds anything to the powers which the courts possessed before its enactment; but a reference to the practice of courts of equity in injunction cases goes far to confirm the views which we have herein expressed.

The rule is thus stated by Mr. High in his work upon Injunctions, Vol. 2, § 1557: " There has been much conflict of authority whether, in the absence of express legislation, a court of general equity powers might, upon dissolving an injunction, ascertain by reference or otherwise the amount of damages sustained by the injunction, and decree payment of such amount, without a new suit for that purpose. But while courts of much respectability have insisted upon the exercise of such a jurisdiction, treating it as a cumulative remedy, entirely independent of and distinct from any action which might be brought upon the bond, the undoubted weight, both of authority and principle, is against the exercise of such a jurisdiction. It is certain that no warrant can be found for its exercise in the former practice of the English high court of chancery, and however desirable and convenient such procedure may be, and un- doubtedly is, in practice, the doctrine is too firmly fixed to admit of controversy, that, in the absence of positive legislation, a court of equity has no power to afford a remedy upon the bond in the injunc- tion suit, such a power being neither an incident to the general powers of courts of equity, nor consistent with the principles of equity jurisdiction. In the absence, therefore, of legislative au- thority to the contrary, a court of equity will not, upon dissolving an injunction, enforce payment of damages in the original cause, but will remit the parties aggrieved to their action upon the bond." These views are well supported by the following cases, cited by the author: Birn v. Heath, 12 How., 168; Merryfield v. Jones, 2 Curtis C. C., 306; Phelps v. Foster, 18 Ill., 309; Lawton v. Green, 64 N. Y., 326; Easton v. N. Y. & L. B. R. Co., 11 C. E. Green, 359; Taylor v. Bumfield, 41 Iowa, 264.

The practice in several of the states in reference to the assessment of damages upon the dissolution of an injunction is given by Mr. High in sections following that above cited, and in the cases referred to in citations, and therefrom it will be seen that the most usual practice is to give all the relief to which a party is entitled, in the injunction suit, upon proper pleading and proof by the party entitled to relief; and this would seem to be peculiarly appropriate in the district courts of this state, which have both law and equity jurisdic-

tion, and can afford full relief. By becoming parties to the injunction bond, the sureties make themselves practically parties to the suit; subject to the jurisdiction of the court; and their liability upon and by reason of their bond can be declared. But the limit of their liability to judgment, without pleading and proof of injury by the creditor, is the ten per cent. damages for delay, which, without further inquiry into the question of delay which appears in the facts of the case, the statute directs to be assessed; but with proper allegation and proof, their liability, as well as that of the principal, may be adjudged, even though it made the full amount of their bond. In this cause there was neither pleading nor proof showing any special damage, and it was error to render judgment against the principal or sureties for the amount of the judgment enjoined; for which the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 23, 1882.]