## TEXAS AND NEW ORLEANS RAILROAD vs. MARTIN WHITE.

SUPREME COURT, AUSTIN TERM, 1882.

*Injunction—Judgment on dissolution of.*—Since the adoption of the Revised Statutes, a judgment cannot be rendered against the principal and sureties, nor against the principal alone, for the principal debt enjoined, upon the mere dissolution of an injunction. There is now no statutory authorization to the courts to do so, and no summary judgment can be rendered on a bond without such authorization.

Appeal from Harris county — Opinion by Stayton, J.—This action was instituted by the appellant to restrain by injunction the enforcement of a judgment rendered in favor of the appellee and

against the appellant in the District Court for Tom Green county. The suit was filed on the fourth of February, 1880. The grounds set out in the petition for injunction, in the view we take of the case, need not be stated. The injunction was granted by the district judge holding terms in Harris county. The necessary sureties were given, and the writ of injunction issued. Exceptions were filed to the petition, together with motion to dissolve the injunction. On May 20, 1880, the exceptions were heard and sustained by the district court, the injunction dissolved, and a judgment rendered against the appellant and the sureties upon its injunction bond for the sum of $2,326.66, with interest thereon from the third day of June, 1879, at the rate of eight per cent per annum, from which the principal in the injunction bond alone has appealed.

It appears that there had been collected upon the judgment enjoined, prior to the institution of this suit, the sum of $119. There were no pleadings by the appellee setting up any special damage resulting from the suing out of the injunction, nor was there any trial of the cause upon the facts.

The second assignment of error is: "The court erred in rendering judgment against plaintiff and the sureties on the injunction bond for the amount enjoined."

The judgment seems to have been rendered for the sum due upon the original judgment on the third day of June, 1879, and the propriety of rendering that judgment is the only question necessary to be considered. To a proper determination of this question it becomes necessary to consider the legislation in this State upon the subject, and the decisions made construing the several acts.

The act of the twenty-fifth of January, 1841, provided that "any bond executed for the purpose of obtaining an injunction shall, on the dissolution of the said injunction, have the force and effect of a judgment, and the party, or parties, whose judgment may have been enjoined may take out execution against all the obligators in the bond." In the case of Western vs. Wood, 1 Texas, 7, it was held that the rendition of a judgment upon the dissolution of an injunction, under that act, against the principal and sureties upon the injunction bond, was not such error as would require a reversal of the judgment, as the bond itself, by the statute, was given the force and effect of a judgment.

The act of May 13, 1846 (P. D., 3935, 3936), provided that "upon

the dissolution of an injunction, either in whole or in part, when the collection of money has been enjoined, if the court be satisfied that the injunction was obtained for delay, damages thereon shall be assessed by the court at ten per cent on the amount released by the dissolution of the injunction, exclusive of costs; and in all other cases the damages shall be assessed by a jury sworn for that purpose. If neither party require a jury, the damages may be assessed by the court.

"The court shall enter an interlocutory judgment, or a decree, according to the circumstances of the case, including the damages assessed as aforesaid, against the principal and sureties in the injunction bond, and may award execution thereon, or enforce such decree in such manner as may be proper according to the rules and practice of the court."

Under the statute above set out, in case of Cook vs. de la Garza, 13 Texas, 447, it was held that on the dissolution of an injunction restraining the collection of money it was proper to render judgment against the principal and sureties on the injunction bond for the principal sum enjoined, and for the damages assessed, and such has been the line of decision under that statute.

This action was instituted since the adoption of the Revised Statutes, which, in reference to the judgment to be rendered upon the dissolution of an injunction, provides that "upon the dissolution of an injunction, either in whole or in part, on final hearing, when the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only for delay, damages thereon may be assessed by the court at ten per cent on the amount released by the dissolution of the injunction, exclusive of costs." This is the same as the first part of article 3935, P. D.; and article 3936, P. D., is entirely omitted in the Revised Statutes. It was upon the construction of article 3936, P. D., that the decision in Cook vs. de la Garza and the succeeding decisions were made, and the inquiry now arises as to whether, under the present statute, such a judgment can be rendered against the principal and his sureties, or against the principal alone, upon the mere dissolution of an injunction by which the collection of money has been restrained. The judgments rendered under the former statute were statutory judgments, rendered by the court under its general equity powers; and when we consider the change made by the statute, we are forced to the conclusion that a judgment cannot now be rendered against the principal and sure-

ties, nor against the principal alone, for the principal debt enjoined, upon the mere dissolution of an injunction, for there is now no statutory authorization to the courts so to do, and no summary judgment can be rendered on a bond without such authorization. (Fall vs. Ratcliff, 10 Texas, 292.) The award of a temporary injunction to stay proceedings to collect a judgment at law does not satisfy or discharge the judgment enjoined, and, if it be not made perpetual upon final hearing, the holder of the judgment can proceed to collect the same; and the bond given to obtain the injunction gives to him an additional security for his debt, the enforcement of which, if it becomes necessary, and mode thereof, will be hereafter considered.

The statute providing for a judgment for ten per cent damages when the collection of money is enjoined, and providing for no other judgment, excludes the idea that any other judgment may be rendered, unless, upon proper pleading and proof, it is made to appear that there is a necessity for further relief to the creditor, which, if shown to the court, it has full power, in the exercise of its general equity power or of its common law jurisdiction, to grant; but such power can only be called forth by the pleading and proof, and it cannot be invoked by exception which goes only to the dissolution of the injunction, dismissal of the title and entry of judgment for the statutory damages.

Any other view of the question would be at war, in the absence of a statutory method of procedure and declaration of right, with the whole remedial system, which requires a party claiming a judgment or relief, to show by pleading and proof that he is entitled to have it by reason of some injury which he has received.

The practice and procedure for ascertaining and assessing damages upon injunction bonds, varies in the different States, and but little light upon the subject would be received from the reported cases, for each State, either by express legislation or local rules of practice adapted to the organization of its courts, pursues its own method.

In many of the States relief is granted upon proper suggestions in pleading, in the injunction suit, without resort to another. (High on Injunctions, 1657.)

But in none of them, so far as we have examined, in the absence of a statute so directing, can a judgment be entered against the principal and sureties, or against the principal alone, for the amount

of a moneyed judment, upon the mere dissolution of an injunction, upon exception being sustained to the petition; and there would seem to be no reason for entering such a judgment against the principal debtor, for he is already bound by the judgment enjoined, and another would be of no greater value to the creditor.

The courts of this State having unlimited jurisdiction, would have full power in an injunction suit to grant all the relief to which a creditor would or could be entitled, without resort to a separate suit upon the injunction bond; and if by reason of the insolvency of the debtor after an injunction was granted, or if from any other cause resulting from the suing out of an injunction, and consequent hindrance to the creditor in the collection of his debt, his judgment could not be collected, we have no doubt that the creditor, by proper pleading and proof in the injunction suit, could obtain such relief as he showed himself entitled to, and this against the principal and his sureties; and such, we are of the opinion, would be the proper practice, when some relief other than the statutory damages is sought.

It is claimed, however, that article 2898, Revised Statutes, gives the courts a broad and general power to render such a judgment as was rendered in this cause. That article provides that "the principles, practice and procedure governing courts of equity shall govern proceedings in injunction, when the same are not in conflict with the provisions of this title or other law." It is not believed that this article adds anything to the powers which the courts possessed before its enactment; but a reference to practice of courts of equity in injunction cases goes far to confirm the terms which we have, herein, expressed.

The rule is thus stated by Mr. High in his work upon Injunctions, vol. 2, sec. 1557: "There has been much conflict of authority whether, .in the absence of express legislation, a court of general equity powers might, upon dissolving an injunction, ascertain, by reference or otherwise, the amount of damages sustained by the injunction, and decree payment of such amount without a new suit for that purpose. But while courts of much respectability have insisted upon the exercise of such a jurisdiction, treating it as a cumulative remedy, entirely independent of and distinct from any action which might be brought upon the bond, the undoubted weight both of authority and principle is against the exercise of such a jurisdiction. It is certain that no warrant can be found for its exercise in

3B

the former practice of the English High Court of Chancery, and however desirable and convenient such procedure may be, and undoubtably is, in practice, the doctrine is too firmly fixed to admit of controversy, that in the absence of positive legislation a court of equity has no power to afford a remedy upon the bond in the injunction suit, such a power being neither an incident to the general powers of courts of equity, nor consistent with the principles of equity jurisdiction. In the absence, therefore, of legislative authority to the contrary, a court of equity will not, upon dissolving an injunction, enforce payment of damages in the original cause, but will remit the parties aggrieved to their action upon the bond."

These views are well supported by the following cases, cited by the author: Bun vs. Heath, 12 Howard, 168; Merryfield vs. Jones, 2 Curtis (C. C.), 306; Phelps vs. Foster, 18 Ill., 309; Lauton vs. Green, 64 N. Y., 326; Eastern vs. N. Y. & L. B. R'y Co., 11 C. E. Green, 359; Taylor vs. Bumfield, 41 Iowa, 264.

The practice in several of the States in reference to the assessment of damages upon the dissolution of an injunction is given by Mr. High in sections following that above cited, and in the cases referred to in citations, and therefore it will be seen that the most usual practice is to give all the relief to which a party is entitled in the injunction suit, upon proper pleading and proof by the party entitled to relief; and this would seem to be peculiarly appropriate in the district courts of this State, which have both law and equity jurisdiction and can afford full relief. By becoming parties to the injunction bond, the sureties make themselves practically parties to the suit, subject to the jurisdiction of the court, and their liability upon and by reason of their bond can be declared; but the limit of their liability to judgment, without pleading, and proof of injury by the creditor, is the ten *per cent* damages for delay, which, without further inquiry than into the question of delay which appears in the facts of the case, the statute directs to be assessed; but with proper allegation and proof their liability, as well as that of the principal, may be adjudged, even though it made the full amount of their bond.

In this cause there was neither pleading or proof showing any special damages, and it was error to render judgment against the principal or sureties for the amount of the judgment enjoined, for which the judgment of the court below is reversed and the cause remanded.