PIERREPONT & TUTTLE v. H. SASSER ET AL.

(No. 1273, Op. Book No. 2, p. 748.)

APPEAL from Coryelle County.  Opinion by QUINAN, J.

§ **1294.** *Receipt is only prima facie evidence, etc.*  A receipt for money is only *prima facie* evidence of payment.  It is not conclusive.  It may be explained or contradicted by parol.  So it is held that a discharge on an execution is only a receipt and may be explained by parol evidence.  [3 Foster, 555.]

§ **1295.** *Attorney at law; discharge of debt by.*  An attorney at law has no right to discharge the debt of his client without receiving full satisfaction, and the client is not bound by such act, but would be entitled to recover all of the debt that had not actually been paid to the attorney.  But if the attorney has authority to collect the debt, and does collect a portion of it, his client is bound by his act to the extent of such collection.  [McAlpin v. Cassidy, 17 Tex. 462; Wright v. Daily, 26 Tex 730.]

§ **1296.** *Payment to an attorney.*  A party who pays a debt to an attorney, who is authorized to collect it, is under no obligation to see that the attorney appropriates it properly, although he may have had reason to suspect that the attorney would misappropriate it.  Such party is under no obligation to assume the protection of the attorney's client, so long as he is himself no party to the misconduct of the attorney, and has no interest in it, and no profit thereby.

§ **1297.** *Exclusion of evidence; not reversible error, when.*  The exclusion of admissible evidence will not be error for which the judgment will be reversed, where it appears that the excluded evidence was supplied on the trial by other evidence, to such an extent that no injury has resulted to the party offering it, and that the verdict could not have properly been otherwise, had the excluded evidence been admitted.  [Sears v. Sears, 45 Tex. 557.]

§ **1298.** *Injunction; damages for delay.*  The assessment of the ten per cent. damages for delay, allowed by the

statute [Pas. Dig. 3935; R. S. 2894], is within the discretion of the judge, and that discretion, unless there appears to have been manifest error, will not be revised. [Ross v. Lister, 14 Tex. 469; Fall v. Ratliff, 10 Tex. 291.]

Affirmed.

---

EMBREE & KEYS v. JOSEPH STRICKLAND ET AL.

(No. 1694, Op. Book No. 3, p. 752.)

APPEAL from Bell County.   Opinion by WATTS, J.

§ 1299. *Surety; rights of; discharged, when.* H. became surety upon a note for S. payable to V. At the time of executing the note, S. also executed to V. a mortgage upon his cotton crop to secure the payment of the note. After the maturity of the note, E. & K. purchased the same, and the mortgage securing it, from V., and sued upon the note. S. was indebted to E. & K. upon account, and under the mortgage they had purchased from V. they secured the cotton crop of S. and applied the same to the payment of his indebtedness by account to them. V. knew at the time of the execution of the note that H. was merely a surety thereon, and that he was induced to sign the same because of the mortgage which S. gave to secure its payment. In defense, H. pleaded and proved his suretyship, the execution of the mortgage, and that he was thereby induced to sign the note; that V. knew the fact of his suretyship, and the inducement which caused it; that E. & K. had received from S. the cotton crop upon which the mortgage was given, and had appropriated the same on other alleged indebtedness, etc. E. & K. claimed that the other indebtedness upon which they had credited the proceeds of the cotton crop was for advances and supplies furnished by them as landlords to S. as their tenant, to enable him to make a crop, etc., and that the same constituted a lien upon the cotton superior to the mortgage lien. S. was insolvent, and the mortgage had been recorded, and H. at