Opinion by
Will-son, L
§ 625. Pleading in county court on appeal from justice’s court; new matter cannot be pleaded; case stated. Wilson, having a judgment against Bridges, caused exe *549 cution to be levied upon two horses. Bridges enjoined the sale of the horses, executing an injunction bond, with Wooters as security. Bridges dismissed said suit, and judgment was rendered against him and his said surety for the costs. The case now before us is a suit brought by Wilson against Bridges and Wooters upon said injunction bond, to recover damages according to the conditions of the bond. In the justice’s court, and in the county court, to which the case was appealed, Wilson recovered judgment for the damages he claimed and for costs, against Bridges and Wooters jointly. Appellants’ first assignment of error is, that the county court erred in sustaining appellee’s exceptions to their third special plea, which was that the horses levied upon were exempt property, Bridges being the head of a family, and these being the only horses he owned. It is a sufficient answer to this assignment that this special plea set up a defense which was not presented in the justice’s court. If a defense at all, it came too late, having for the first time been presented in the county court. [Ante, §§ M2, 457.]
§ 626. Admission of illegal testimony, not cause for reversal, when. Even if the testimony objected to by appellants was inadmissible, the same facts to which it related were abundantly established by other testimony not objected to. It is apparent from the record that appellants could not have been injured by this ruling of the court, and' hence, even if it was erroneous, the error is no ground for a reversal of the judgment. [Ante, §§ 5, 387.]
§ 627. Bes adjudicada; charge upon issue of; reconvention for damages in an injunction suit; judgment in such case is res adjudicata, when. The fifth assignment of error relates to the charge of the court upon the issue of res adjudicata, and the refusal to give a special charge upon said issue requested by appellants. The charge given is as follows: “If you believe from the evidence that the plaintiff in this cause, Wilson, set up and pleaded his damages for the wrongful suing out of the in june *550 tion in the former suit, and that his right to recover damages was adjudicated and settled in the said injunction suit, then he is estopped from setting up any rights under said bond in a subsequent suit, and you will find for the defendants; but if, on the other hand, you believe from the evidence that the plaintiff in the injunction suit dismissed the same, and that the defendant Wilson took a judgment for the costs of the suit only, and that his right to recover damages, if any, was not passed upon or adjudicated in said suit, then you will find for the plaintiff in this suit, Wilson, such damages as you may believe he has sustained by reason of the suing out of the injunction by the defendant Bridges, and the giving of the injunction bond, if any was given.” The special charge requested and refused is as follows: “If in the injunction suit Wilson pleaded in reconvention the damages he claimed he had sustained by the suing out of the injunction, and asked for judgment for the same on the injunction bond; and if, on the final determination of that suit, the said Wilson took a judgment on said bond, whether for damages or for costs, then such bond would be merged in such judgment, and another suit on it could not be maintained.” It is well settled in this state, that the creditor, the collection of whose debt has been enjoined, may plead, prove and recover damages in the injunction suit upon the injunction bond, and is not foi'ced to seek relief by a separate suit upon the bond. [R. R. Co. v. White, 57 Tex. 129.] In the case before us it is sufficiently shown that Wilson, the creditor, pleaded in reconvention for damages on the injunction bond in the injunction suit. Hence the issue of his damages was properly presented in that suit. It appears, however, that this issue was not in fact adjudicated; Bridges having dismissed his suit, and Wilson not insisting upon any other judgment upon the injunction bond than the one for costs. Do these facts constitute res cidjudicata as to the right of Wilson to recover damages upon the bond? In Hersberger v. Lindsay [W. & W. Con. Eep. § 1167], a *551 case in many respects similar to this, it was held that the plea of res adjudicata was not sustained. There is, however, one very material difference between that case and the one we are considering. In that case there was no judgment whatever rendered upon the injunction bond, either for damages or costs, while here we have a judgment upon the injunction bond for costs. Does this judgment bar further action on the bond? Is the bond merged in it? In Ayres v. Cayce, 10 Tex. 100, it is said: “ That all the evidence of a right of action is merged in the judgment rendered in the suit upon such evidence of right, is a principle so well established, that it requires neither argument nor authority in its support. ... It is res adjudicates.” In the case before us the injunction bond was the evidence of Wilson’s right of action for damages and costs'. He based his cross-action upon that evidence and recovered a judgment upon it to the extent of the costs of the suit. He had the right to insist upon recovering judgment for damages also. Bridges could not defeat or impair such right by dismissing the suit. [R. B. arts. 1260, 1301; W. & W. Con. Rep. § 218.] He also had the right to waive or abandon his claim for damages, and to take his judgment for costs only. This latter course he saw proper to adopt, and in doing so, concluded himself as to any further right of action upon the bond. Having recovered one judgment upon the bond, his right of action thereon was exhausted, and he is barred from proceeding further upon it. The court erred in the charge given, and erred in refusing the special charge requested by appellants.
February 11, 1885.
Reversed and remanded.