**ELIAS et al. v. PACKARD.  (No. 1978.)**

Court of Civil Appeals of Texas.  El Paso.
March 24, 1927.

Rehearing Denied April 14, 1927.

Appeal and error ⟨⟩664(4)—Statement of facts, agreed to by counsel for parties and approved by trial judge, controls conflicting bill of exceptions.

Where statement of facts agreed to by counsel and approved by trial judge shows that testimony was permitted which the bill of exceptions shows was excluded, the statement of facts controls, and reversible error cannot be predicated upon exclusion as shown by the bill of exceptions.·

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Ramon Elias and another, copartners, against B. A. Packard. Judgment for plaintiffs for damage of one cent, and plaintiffs appeal. ·Affirmed.

C. W. Croom, of El Paso, for appellants.
Kemp & Nagle, of El Paso, for appellee.

HIGGINS, J. Appellant Ramon Elias and Jose Camon, partners, sued appellee to recover damages for breach of contract whereby the plaintiffs in the name of Elias agreed to buy certain cattle from defendant and which the latter agreed to sell and deliver f. o. b. at Naco, Ariz., for $29 per head. The contract, made in April, 1924, was evidenced by letters and telegrams  and called for delivery at a considerably later date. Upon special issues the jury found the defendant had breached the contract by failing to deliver as agreed. It was further found there was a market value for the cattle at Naco at the time they were to be delivered of $29 per head.

Judgment was rendered in favor of plaintiffs for nominal damages in the sum of one cent, from which they appeal assigning as error alleged rulings in the exclusion of testimony of the plaintiff Elias that he had the cattle sold to third persons; that in the summer of 1924, when plaintiffs were trying to obtain delivery, he told defendant the plaintiffs had sold the cattle; that when he went to the ranch to receive said cattle he told defendant's agents he had sold the same.

The statement of facts was agreed to by counsel for the parties and approved by the trial judge. In such cases the statement of facts controls a conflicting bill of exception. See cases cited 1 Michie Digest, 690. Upon examination of the statement of facts, at pages 9, 13, and 15, of the testimony of Elias, it will be found he was permitted in substance to testify to that which the bills show was excluded. ·It shows that plaintiffs had the full benefit of testimony which they complain was excluded when offered. In this condition of the record the statement of facts controls, and the bills of exception show no reversible error. Sears v. Sears, 45 Tex. 557; Hawkins v. Bank (Tex. Civ. App.) 145 S. W. 723.

If controlling effect were given to the bills of exception, we would hold the testimony was properly excluded; but this view of the matter need not be discussed, for it is well settled the agreed statement of facts controls.

Affirmed.