## CARNLEY v. KELLEY.

### No. 3503.

Court of Civil Appeals of Texas. Beaumont.

June 17, 1939.

D. E. O'Fiel, of Beaumont, for appellant.

C. A. Lord of Beaumont, for appellee.

O'QUINN, Justice.

Carnley sued Kelley to recover damages for personal injuries received by falling from a truck which was being driven by an employee of Kelley. Carnley alleged that Kelley was subject to the Compensation Law of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.), but had failed to comply with said law and that the suit therefore was prosecuted as under the right to recover as at common law.

For cause of action plaintiff alleged, in substance, that he was an employee of defendant Kelley, and was working at peeling poles for which he was paid 1¼ cents per linear foot; that Kelley furnished him tools with which to work, and transportation to and from work, this by means of a truck driven by one of Kelley's employees; that on the day of his injury, the truck was being driven on and over a narrow winding dirt road some two miles off of the highway in the piney woods at a speed of about thirty miles per hour, and while so driving in going around a sharp bend in the road the truck struck a stump throwing him off of the truck and the truck ran

over his body causing him severe injuries; that under the circumstances the rate of speed the truck was travelling was a high, reckless and dangerous rate of speed, and the act of the driver, agent of appellee, was negligence and a proximate cause of the injuries suffered by him; that the driver of the truck did not keep a proper lookout to avoid striking objects that might interfere with the safe operation of the truck, and that the failure to keep such lookout was negligence and a proximate cause of his injuries; that the driver of the truck failed to keep the truck under proper control so as to avoid striking the stump and that such failure was negligence and a proximate cause of his injuries; and that the driver of the truck was a careless, negligent and reckless driver and this was known to his employer, and the keeping in his employ of such driver was negligence and such negligence a proximate cause of his injuries. That as a result of being thrown off of the truck he suffered injury to his head, back, spine, legs, hips, body, muscles and nervous system, and because of such injuries he became totally and permanently disabled to work, and prayed for damages as for total and permanent disability, in the sum of $25,000.

Appellee answered by general demurrer, general denial, and among other special defenses that appellant assumed the risk of such injury as being inherent in the nature of the work being done and the transportation being furnished, contributory negligence on the part of appellant in the manner of his riding on the back part of the truck on a box; and that the accident was an unavoidable accident, wherefor appellant was not entitled to recover.

The case was tried to a jury upon special issues upon the answers to which judgment was rendered in favor of appellee that plaintiff take nothing by his suit. Motion for a new trial was overruled and we have the case for review.

Among other findings, the jury found: (a) That the truck was being driven at the rate of nine miles per hour; (b) that driving the truck at the rate of nine miles per hour was not negligence; (c) that the driver of the truck did not fail to keep a proper look-out; (d) that the accident (one of the wheels of the truck striking the stump under the circumstances) was unavoidable; (e) that appellant was not guilty of contributory negligence.

Appellant assails each of the first four of the above findings because, he insists, they were "contrary to the evidence", and because they were "against the great weight and preponderance of the testimony". While under all the rules and decisions these assignments are not sufficient, still we have carefully considered them, and find that each of the answers assailed has support in the record. The assignments are overruled.

Assignment 9 complains that it was reversible error for the court to receive the verdict of the jury when they had not answered special issue No. 17 which inquired what amount of money would reasonably compensate appellant for the injuries sustained by him. This matter was not complained of in appellant's motion for a new trial. In order for a question to be available for an assignment of error on appeal it must be distinctly set forth in the motion for a new trial. Rule 24 Court Civil Appeals. Effective March 1, 1937. Stillman v. Hirsch, 128 Tex. 359, 99 S.W. 2d 270-274. Receiving the verdict of the jury who had failed to answer special issue No. 17, above mentioned, was not fundamental error. Furthermore, the jury answered against appellant all the issues relating to negligence alleged made the basis of appellant's asserted cause of action, and so these answers negativing the allegations of negligence determined against appellant any right to recover judgment, wherefore the leaving unanswered issue 17 above mentioned did not render the verdict void or insufficient, but the answers returned afforded a full and complete basis for the judgment. Sears v. Sears, 45 Tex. 557; O'Brien v. Hilburn, 22 Tex. 616; Poole v. Delaney, 19 Tex. Civ.App. 117, 46 S.W. 276; Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090; Citizens' Nat. Bank v. Overstreet, Tex. Civ.App., 77 S.W.2d 250, writ refused.

No error appearing, the judgment is affirmed.