**CLARE v. MARONEY et ux.**

**No. 5298.**

Court of Civil Appeals of Texas. Amarillo.

May 12, 1941.

Rehearing Denied June 9, 1941.

See, also, Tex.Civ.App., 144 S.W.2d 300.

T. L. Price, of Post, for appellant.

R. L. Graves, of Brownfield, for appellees.

FOLLEY, Justice.

On May 17, 1940, Will Maroney and wife, Geneva Maroney, who were tenants on the farm of Brit Clare in 1939, recovered judgment against Clare for $165 in Cause No. 712 in the County Court of Terry County, Texas, in connection with the alleged conversion of certain livestock by Clare. From this judgment there was no appeal. On June 5, 1940, execution was issued out of Cause No.712 and the sheriff of Terry County levied upon twenty-five head of cattle belonging to Clare. On the day the cattle were to be sold under the execution, Clare gave his check to Maroney in payment of the judgment and the sale was not made. The next day Clare stopped payment on the check. Thereafter, on June 27, 1940, an alias execution was issued in the same suit which precipitated the filing of the instant suit.

The appellant Clare filed this suit against the appellees, Will Maroney and wife, and Chess Gore, the Sheriff of Terry County, in Cause No. 719 of the County Court of Terry County. The appellant alleged that while the appellees were tenants on his farm in 1939 they became indebted to him in the sum of $350 for money and supplies advanced to them; that such debt had not been paid; that the appellees had recovered judgment against him for $165 and that they were insolvent; that the appellant was entitled to offset the amounts due him against the judgment of the Maroneys; that the appellees were about to sell twenty head of his cattle upon a void levy; and that if such execution sale was had the appellant, having no adequate remedy at law, would be irrevocably injured. He prayed that the appellees be temporarily restrained; that he have judgment for his debt and that such judgment be offset against the judgment in Cause No. 712.

The trial court issued a temporary restraining order as prayed for and set the cause for a further hearing on July 24, 1940, at which time the hearing was postponed and the injunctive relief was ordered to continue in full force and effect until a hearing was had. The appellees, Maroney and wife, answered by general demurrer, general denial and, among other pleas not necessary to mention, sought statutory damages against the appellant for his alleged wrongful delay of their execution.

In the trial upon the merits, although the appellant had alleged he had advanced the appellees only $350 for which he sought judgment, it was agreed between the parties that the appellant had expended the sum of $545.79 by way of advancements to the appellees. It was further agreed that the appellees had paid $217.60 of this amount. The balance of the alleged indebtedness was disputed between the parties. The appellee Will Maroney testified that when he left the appellant's farm he turned over to appellant about twenty tons of headed grain worth $12 per ton and from sixteen to twenty tons of corn worth $10 per ton. Maroney also testified that he deposited the sum of $20 in a bank to the credit of the appellant. The appellant admitted there was one rick of headed grain left on the place and also some corn, but he did not know how much grain or corn was left by Maroney nor how much it was worth.

The trial court submitted but one issue to the jury, and that was: "From a preponderance of the evidence what amount, if any, do you find the defendants Will Maroney and wife owe the plaintiff, Brit Clare"? To this issue the jury answered:

"None." The court thereupon rendered judgment that the appellant Clare take nothing by his suit and dissolved the injunction. He further found that the appellant had filed his suit for delay only and entered a summary judgment against the appellant for $16.50 as a ten per cent statutory penalty on the amount the appellees sought to collect under their execution.

The appellant in his brief complains of the court's action in permitting Will Maroney to testify over the appellant's objection that the grain was worth $12 per ton and the corn $10 per ton when such witness had not shown himself qualified to testify to such values. The appellant also complains in his brief of the above issue submitted to the jury because the same was indefinite, duplicitous and a mixed question of law and fact.

These assignments must necessarily be overruled because the appellant failed to incorporate them in his motion for a new trial and thus, under the amendment to Rule 24 of the Rules for Courts of Civil Appeals, the appellant has waived such alleged errors of the trial court. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Barrera v. Duval County Ranch Co., Tex.Civ.App., 135 S.W.2d 518, writ refused; Commercial Inv. Co. of Uvalde v. Graves et al., Tex.Civ.App., 132 S.W.2d 439, writ refused; Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160; American Casualty Co. v. Berfield, Tex.Civ.App., 129 S.W.2d 838; Prescott v. Metropolitan Life Ins. Co., Tex.Civ. App., 129 S.W.2d 821; Trapp v. Lampton et al., Tex.Civ.App., 112 S.W.2d 1112; Edmondson v. Carroll, Tex.Civ.App., 134 S.W.2d 378, writ dismissed, correct judgment; Carnley v. Kelley, Tex.Civ.App., 130 S.W.2d 910; Nickel et al. v. Nickel et al., Tex.Civ.App., 130 S.W.2d 1085.

The appellant in his motion for a new trial and in his brief complains of the action of the trial court in assessing against him the ten per cent statutory penalty. It seems, however, that the assessing of such a penalty is largely within the discretion of the trial court and in the absence of a showing of an abuse of such discretion his action in this regard will not be disturbed. The appellant has shown no such abuse of discretion and under the facts of this case we think he could not do so. This assignment is also overruled. Art. 4660, Vernon's Ann. Civ. Statutes; Ross v. Lister, 14 Tex. 469, Fall v. Ratliff, 10 Tex. 291; Texas & N. O. R. Co. v. White, 57 Tex. 129; Kelton v. Jones et al., Tex.Civ.App., 253 S.W. 868; 25 Tex.Jur. 341, para. 275.

The appellant further complains in his brief of the trial court's action in dissolving the injunction. This matter was also presented in his motion for a new trial. However, due to our disposition of the other assignments we think the dissolution of the injunction becomes immaterial.

The judgment is affirmed.