## W. E. LAMB v. C. R. HARDY.

No. 2532.  Decided April 23, 1919.

**1.—Foreign Law—Evidence—Decisions.**

Upon the law governing a commercial transaction (negotiability and endorsement of a note) in another State or Territory, our courts will follow the rulings of the courts of that State on general questions of commercial law, where differing from our own, on pleading and proof thereof, as they would such law established by statutory enactment.  (Pp. 416, 417.)

**2.—Foreign Law—Burden of Proof.**

The burden is upon one relying on the law of another State or Territory to defeat liability upon a transaction had there and actionable by our law, to plead and prove such law.  (P. 417.)

**3.—Foreign Law—Evidence—Decisions—State and Territory of Oklahoma.**

A decision of the Supreme Court of the State of Oklahoma as to the law there prevailing, did not show the ruling announced to have been the law formerly existing in the Territory of Oklahoma, the courts of the United States being the ultimate authority as to the law of the Territory.  (P. 417.)

**4.—Same—Case Stated.**

Defendant, who was sought to be held liable on endorsements in blank of notes providing for payment of attorney's fees, and which were made, were payable, and were endorsed in the Territory of Oklahoma before its admission as a State, introduced in evidence decisions of the Supreme Court of the State, holding such instrument not negotiable and a blank endorser not liable. Held that this did not establish such to have been the law of Oklahoma Territory at the time of the transaction, the rules in Texas, and that recognized by the courts of the United States having the ultimate revisory power over the territorial courts being otherwise.  (Pp. 417, 418.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Wheeler County.

Action was by Hardy against Lamb.  Defendant had judgment which was reversed and rendered in favor of plaintiff on his appeal.  Appellee, the defendant, thereupon obtained writ of error.

*J. B. Reynolds,* for plaintiff in error.

The evidence showed that the whole transaction on which recovery was sought took place in the Territory of Oklahoma, that the contract was to be performed in this Territory, and that under the laws of said Territory, governing the transaction the assignment of the notes by appellee merely had the effect to convey the title, and did not bind appellee as an indorser.  National Bank of Commerce v. Kenney, 83 S. W., 368; Third National Bank of Springfield, Mass., v. National Bank of Commerce, 139 S. W., 665; Jones v. National Cotton Oil Co., 72 S. W., 248; Crebbins v. Deloney, 69 S. W., 312; Am. & Eng. Enc. Law (1st Ed.), 542, tit. "Conflict of Laws," subtit. 8 "Lex Loci Contractus"; Baxter National Bank v. Talbot, 13 L. R. A., 52; Styles v. Citizens National Bank, 19 L. R. A. (N. S.), 665, and note.

*R. H. Templeton,* for defendant in error.

The courts of this State are not bound to follow or apply as controlling the court decisions of another State, when it appears that said decisions are not based on any statute, but relate to a question of general commercial law common to all the States where unmodified by statute, particularly where it appears that said decisions announce a proposition of law in direct conflict with the decisions in this State and in practically all the other States, as well as in conflict with sound legal principles relating to the matter decided. Hardy v. Lamb 152 S. W., 650; Alexander v. Bank of Lebannon, 47 S. W., 840; Third National Bank v. National Bank of Commerce, 139 S. W., 665; Burgess v. Seligman, 107 U. S., 200, 27 Law. Ed., 359; Swift v. Tyson, 16 Peters, 1, 10 Law. Ed., 865; Cudahy Packing Co. v. State National Bank, 134 Fed., 538; Franklin v. Twogood, 25 Iowa, 520, 96 Am. Dec., 73; Roads v. Webb, 91 Me., 406, 40 Atl., 128; St. Nicholas Bank v. State National Bank, 128 N. Y., 26; Pattillo v. Alexander (Ga.), 30 S. E., 644.

The law of the Federal courts, of which this court takes judicial notice, with respect to the negotiability of a note providing for attorney's fees is in exact conflict with the rule announced in the Oklahoma decisions relied upon, and the Federal decisions rather than the Oklahoma decisions establish what was the law of Oklahoma Territory on this point. Cudahy Packing Co. v. State National Bank, 134 Fed., 538; Farmers National Bank v. Sutton Mfg. Co., 3 C. C. A., 1, 52 Fed., 191; Howenstein v. Barnes, 5 Dillon, 482, Federal Case No. 6786; Bank of British North America v. Ellis, 2 Fed., 44; Adams v. Addington, 16 Fed., 89; Hughitt v. Johnson, 28 Fed., 865; U. S. Compiled Statutes of 1901, vol. 1, page 554 (section 15, Act of March 3, 1891), defining the appellate jurisdiction of the Circuit Courts of Appeals over cases decided by the Supreme Courts of the several Territories. In connection with said statute, see also section 6 of the Act of 1891, U. S. Compiled Statutes, vol. 1, page 549; section 702, U. S. Compiled Statutes of 1901, vol. 1, page 571, defining the appellate jurisdiction of the Supreme Court of the United States over the Supreme Courts of the several Territories; Ex parte Moran, 144 Fed., 598-599, stating the appellate jurisdiction of the Circuit Courts of Appeals over Supreme Courts of Territories; Miller v. Territory of Oklahoma, 149 Fed., 331.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was a suit, brought by defendant in error to recover $1506 of plaintiff in error, as endorser in blank of three promissory notes, which were executed and endorsed in the Territory of Oklahoma, where they were payable. Plaintiff in error defended the suit on the ground that, under the laws of Oklahoma Territory, the blank endorsement of the notes had no other effect than to transfer the title thereto to the endorsee, and did not obligate the endorser to pay same.

No evidence was introduced to prove the laws of Oklahoma Territory, except that plaintiff in error offered in evidence the opinion in the case of Pattee Plow Company v. Beard, wherein it is held that the provision in a promissory note for attorney's fees renders same non-negotiable, and that the endorsement of a non-negotiable note operates merely to transfer a legal and equitable title thereto, without guaranty of payment, and except that plaintiff in error also offered in evidence the opinion of the Supreme Court of the State of Oklahoma, reported in 21 Oklahoma, 476, wherein it is held that a promissory note is not negotiable when it contains a provision for the payment of attorney's fees. There is nothing in the evidence to show by what court the case of Pattee Plow Company v. Beard was decided nor where the case is reported.

Since the notes sued on, bearing the blank endorsement of plaintiff in error, were executed in Oklahoma Territory and were made payable and endorsed there, and since they provided for ten per cent attorney's fees, upon suit being instituted thereon, it is the contention of plaintiff in error that by the introduction in evidence of the opinions above mentioned he established that he was subject to no liability as endorser, and this contention was sustained by the trial court, who rendered judgment denying a recovery to defendant in error.

On appeal, this judgment was reversed and judgment rendered for defendant in error, upon the ground that the courts in Texas will not apply the laws of a sister State, in the enforcement of obligations of parties to promissory notes, executed and payable in the sister State, because such laws have not been embodied in statutes and have simply dealt with questions of commercial law. 152 S. W., 650. In this conclusion, the Honorable Court of Civil Appeals followed certain expressions in the opinions of the Courts of Civil Appeals in the cases of Alexander v. Bank of Lebannon, 19 Texas Civ. App., 620, 47 S. W., 840, and Third National Bank of Springfield v. National Bank of Commerce, 139 S. W., 665.

We think there was error in the conclusion of the Court of Civil Appeals that the law of Oklahoma Territory, if properly proven, ought not to control in determining the liability arising from the blank endorsements in that Territory of the notes sued on. In the case of National Bank of Commerce v. Kenney, 98 Texas, 301, 38 S. W., 371, this court announced: "From what has been said, it would seem that in order to defeat this suit the defendant bank must show that the law of Missouri as to commercial paper is different from the law of Texas. In order to do so, it must plead the law of that State and prove it as pleaded."

Wharton on Conflict of Laws, says: "In a few instances the State courts have assumed the same right to determine general questions of common law according to the precedents prevailing in the forum, without reference to the decisions of the courts of the State in which the contract or other transaction has its situs, the law of which, if statutory,

would concededly govern. As a rule, however, the State courts tacitly proceed upon the assumption that the rules of law prevailing in another State or country, where the transaction had its situs, are equally binding, whether embodied in the decisions of its courts, or in its statutes; and some of the State courts have expressly repudiated the doctrine that questions of general commercial, or general common, law are to be determined in accordance with the views prevailing at the forum, without reference to those prevailing at the situs of the contract or transaction in question." 2 Wharton on Conflict of Laws, pp. 948, 949.

It seems to us that this court has declined to make questions of general commercial or common law exceptions to the general rule that it will determine and enforce substantive contract rights and obligations in accordance with the law of the place where the contract was made, and was to be performed. National Bank of Commerce v. Kenney, 98 Texas, 293, 83 S. W., 368; Missouri, K. & T. Ry. Co. v. Wise, 101 Texas, 459, 109 S. W., 112. And we are in entire agreement with the view expressed in Midland Steel Co. v. Citizens Nat. Bank, 34 Ind. App., 107, 72 N. E., 290, as follows: "The foreign court is the only tribunal competent to decide upon the common or statute law of its own State, and we fail to see any reason for permitting such decisions to be questioned in the one case and not permitting them to be questioned in the other."

It is unquestionable that under the law of Texas the blank endorsements of the notes in suit would obligate the endorser to pay same. And it is likewise unquestionable that it was incumbent on plaintiff in error, if he would defeat a recovery on the notes, to prove, as well as allege, that the law, as construed in Oklahoma Territory, was different from the law in Texas. Blethen v. Bonner, 93 Texas, 143, 53 S. W., 1016. We do not believe that there is sufficient evidence in this record to meet the burden which the law imposed on plaintiff in error.

The decisions offered to support the pleading that the law of Oklahoma Territory imposed on plaintiff in error no obligation to pay the notes were decisions of the Supreme Court of the State of Oklahoma. We are unable to see how those decisions can be treated as declaratory of the common law in Oklahoma Territory. Oklahoma was a sovereign State when the decisions were rendered. The Supreme Court of the United States has fixed the status of Territories as "mere dependencies of the United States," and has declared that "their people do not constitute a sovereign power. All political authority exercised therein is derived from the General Government." Snow v. U. S., 19 Wallace, 319, 320. The Supreme Court of the United States and the United States Circuit Court of Appeals possessed revisory control over the judgments of the Supreme Court of Oklahoma Territory. As declared by Black on Judicial Precedents, on page 378: "Applicable decisions of the Supreme Court of the United States are imperatively

binding on the courts of a Territory, not only when rendered in cases arising under the Constitution or laws of the United States, but also when they have to do with questions growing out of the common law, the law merchant, or the general principles of jurisprudence." Indian Territory formerly occupied the same sort of relation to the Federal courts as did Oklahoma Territory, and in a case involving inquiry into the law of Indian Territory, the court, per Justice Williams, in Missouri, K. & T. Ry. Co. v. Wise, 101 Texas, 465, said: "It follows that, as the ultimate determination of cases arising in the Indian Territory may be made by the Supreme Court of the United States, the rulings of that court as to what are the applicable rules of the common law are to be accepted as the highest evidence of the common law of the Territory." Again, in St. Louis & S. F. R. Co. v. Summers, 51 Texas Civ. App., 136, 111 S. W., 213, it is stated: "As to the construction put upon the common law by the courts of the Indian Territory, we must look to the decisions of the Supreme and appellate courts of the United States, which courts have the ultimate determination of cases tried by the courts of that Territory." There appears to be no decision applicable to this controversy by the Supreme Court of the United States, and no decision was introduced from the Supreme Court of Oklahoma Territory. The United States Circuit Court of Appeals for the Eighth Circuit, which had certain supervisory, appellate jurisdiction over the judgments of the Supreme Court of Oklahoma Territory had determined, when these notes were endorsed, in an elaborate opinion of Judge Amidon, concurred in by Judge Sanborn and by Judge Van Devanter, now of the Supreme Court of the United States, that a provision for attorney's fees does not render a note non-negotiable. Cudahy Packing Co. v. Bank, 134 Fed., 538, 67 C. C. A., 662. Thus, it appears that in so far as any appellate court with jurisdiction over the Territory of Oklahoma has declared the law governing this controversy, such declaration is in line with the law of Texas, as announced by Judge Gaines, in Hamilton Gin & Mill Co. v. Sinker, 74 Texas, 52, 11 S. W., 1057, as follows: "As to the effect of a stipulation for the payment of attorney fees in a promissory note there have been various rulings of the courts of last resort in this country. That the stipulation does not affect the validity of the note is settled in this court (Miner v. Bank, 53 Texas, 559; Roberts v. Palmore, 41 Texas, 617); but whether it destroys its negotiability or not seems not to have been determined with us. The courts of several of the States have held that it does not, and this appears to us the better opinion. The agreement to pay the expense of collection in the event the note is not paid at maturity does not change the fact that the sum to be paid when due is fixed and unconditional. Costs are always recoverable when suit has to be brought, and this is a contingent liability. The stipulation for attorney fees is no more."

As plaintiff in error failed to discharge the burden of establishing that the law was different from that of Texas, in Oklahoma Territory,

we conclude that the Court of Civil Appeals rendered the correct judgment in holding defendant in error liable as indorser of the notes, and that judgment is affirmed.

*Affirmed.*