ALLEN v. CRUTCHER et al.   (No. 9141.)

(Court of Civil Appeals of Texas. Ft. Worth. June 28, 1919. Rehearing Denied Oct. 18, 1919.)

1. APPEAL AND ERROR ⟪⟫722(1) — ASSIGNMENTS OF ERROR; NUMBERING.

It is a violation of Rule 29 for Courts of Civil Appeals (142 S. W. xiii) for an appellant to number assignments from 1 to 16, and then from 7 to 24, because that causes a duplication of assignments of the same number.

2. APPEAL AND ERROR ⟪⟫305—NECESSITY OF EXCEPTION TO OVERRULING MOTION FOR NEW TRIAL.

Though plaintiff, who was cast below, and whose motion for new trial was denied, did not formally except to overruling of her motion for new trial, held that, where it appeared that after such motion was overruled she gave notice of appeal in open court, the appeal may be considered.

3. FRAUDULENT CONVEYANCES ⟪⟫57(5), 206(1) — INDEBTEDNESS AT TIME OF CONVEYANCE AND INSOLVENCY NECESSARY TO RECOVERY.

Where plaintiff, who attacked a conveyance, under Rev. St. 1911, arts. 3966 and 3967, by husband to his wife as in fraud of creditors, failed to show that the demand on which she recovered judgment against the husband two years after the conveyance was in existence at the time of the conveyance, or that the husband was insolvent at the time of the conveyance, there can be no recovery.

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Trespass to try title by J. C. Gray against S. W. Crutcher and wife, in which E. W. Pierce and others intervened as defendants, and in which Mrs. A. A. Allen was allowed to intervene, being substituted as plaintiff. From a judgment for defendants, plaintiff appeals. Affirmed.

Grisham Bros., of Eastland, for appellant. J. H. Beall & Son and Ellis Douthit, all of Sweetwater, and Royall G. Smith, of Colorado, Tex., for appellees.

BUCK, J. J. C. Gray filed suit August 18, 1917, in the form of trespass to try title, against S. W. Crutcher and wife, Mattie Della Crutcher, alleging that theretofore, on July 2, 1917, plaintiff was lawfully seized and possessed of section No. 63, block 22, original survey Texas & Pacific Railway Company, containing 636 acres, in Nolan county, Tex.; that on said date defendants unlawfully entered in and upon said premises, and ejected the plaintiff therefrom, etc.

Defendants, S. W. Crutcher and wife, filed their answer March 30, 1918, in which S. W. Crutcher disclaimed any claim to title in and to said land for himself, and alleged that Mrs. Mattie D. Crutcher owned and held

said land in fee simple as her own individual property. Mrs. Crutcher pleaded not guilty. In another count she pleaded in the way of cross-action for relief, alleging that plaintiff was claiming title under a sheriff's deed to one Mrs. A. A. Allen, purporting to convey said section of land for a recited consideration of $250, and claiming that said land was owned and held by S. W. Crutcher under a recorded deed. Mrs. Crutcher further pleaded that her husband had no title to said land, and that the purported sheriff's deed to the plaintiff conveyed no title, yet it cast a cloud on defendant's title to the land. Wherefore she prayed that she have a judgment canceling the sheriff's deed to Mrs. Allen, and the deed from Mrs. Allen to the plaintiff Gray, and to remove cloud.

The children of Mrs. Crutcher by a former marriage, to wit, E. W. Pierce, Mrs. Mattie M. Trammell, joined pro forma by her husband, Thomas Trammell, and Annie B. Rogers, joined pro forma by her husband, M. N. Rogers, intervened, alleging that they and the defendant Mrs. Mattie D. Crutcher were the owners in fee simple of said land; that the land was purchased with funds derived from the estate of the father of interveners and their mother; that, after the mother's marriage with S. W. Crutcher, Mrs. Crutcher was appointed guardian of the estate, consisting of a tract of land in Robertson county, Tex., and that she sold said land in Robertson county, and collected other sums of money belonging to said estate, and purchased the section of land in question, taking the title thereto in the name of S. W. Crutcher; that since said purchase the defendants, S. W. Crutcher and Mattie D. Crutcher, at all times recognized the right of the interveners in and to said land, and that the interveners are the owners of an undivided two-thirds interest in said section, and have the right to an immediate partition of said land. Wherefore interveners prayed for a cancellation of the deed under which plaintiff asserted title, and for a judgment in their favor granting the relief prayed for, and for writ of partition.

Other pleadings were filed by the defendants Crutcher and by plaintiff and by the interveners, but it will not be necessary to mention them further at this time, except to state that Mrs. Allen filed her petition of intervention, alleging that she had purchased the land in question from plaintiff, J. C. Gray, and asking that she be permitted to intervene in this suit as party plaintiff, which was permitted by the court.

The cause was submitted to a jury upon special issues, and a judgment was rendered against plaintiff, Mrs. A. A. Allen, from which she has appealed.

The evidence shows that on September 28, 1891, the land in controversy was conveyed to S. W. Crutcher by J. A. Fuller for a re-cited consideration of $500 in cash, and the assumption of three vendor's lien notes of $640 each; that on April 1, 1914, S. W. Crutcher executed a deed to the land to his wife, Mrs. Mattie D. Crutcher, for a recited consideration of $5,000 paid by grantee, and in consideration of the love and affection of the grantor for the grantee. It is further recited in said deed that said $5,000 was in full payment of the sum of $2,000, with accrued interest, loaned by grantee to grantor out of her own separate estate, "about 25 years ago, and this being the first and only payment of said indebtedness by me, the said S. W. Crutcher, and she, the said Mattie D. Crutcher, hereby agreed to accept this deed of conveyance and of the land herein described in full and final payment and liquidation of the above-mentioned debt."

It is in evidence, further, that on March 27, 1916, Mrs. A. A. Allen recovered in the district court of Nolan county a judgment against S. W. Crutcher and others, the judgment being upon a note in favor of Mrs. Allen, with interest and attorney's fees, and being in the sum of $2,254.90; that on June 8, 1916, the land in question was levied upon, under execution, to satisfy this judgment, and was on July 4, 1916, sold to Mrs. A. A. Allen for the sum of $250. A deed by the sheriff to Mrs. Allen was executed and delivered the same day. On June 21, 1917, Mrs. Allen conveyed the land to J. C. Gray, for the recited consideration of $1,500 paid, and on February 1, 1918, Gray reconveyed the land to Mrs. Allen for the same recited consideration, plaintiff claiming title to be in her under the sheriff's deed aforesaid.

It is further in evidence that Mrs. Crutcher qualified as the guardian of the estate of her minor children by her first marriage, and later sold the land in Robertson county belonging to the estate of said minors, and also certain property in McLennan county belonging to Mrs. Crutcher's separate estate; that the money derived therefrom was turned over to S. W. Crutcher, and that he paid some, if not all, of the notes due on the land out of the money derived from the sale of the Robertson county land, and used the funds from the sale of the McLennan county land to make the first payment on the section in controversy, as well as to apply on subsequent payments. Defendant Mrs. Mattie D. Crutcher and the interveners mentioned claimed title by reason of an alleged resulting trust arising out of the use of funds derived from the separate estate of Mrs. Crutcher and the estate of the children in the payment of the purchase price of the section of land in controversy.

[1] Appellant has 31 assignments of error, numbering them from 1 to 16, inclusive, and then beginning with the seventh and ending with the twenty-fourth. Thus the brief contains two assignments numbered 7 and two

numbered 8, etc. This practice is in violation of rule 29 prepared by the Supreme Court (142 S. W. xiii) for the guidance of Courts of Civil Appeals and attorneys practicing therein, which rule, in part, provides "that the assignments as presented in the brief shall be numbered from the first to the last in their consecutive order."

[2] Appellee has filed a motion to dismiss the appeal for the averred reason that the appellant failed to except to the order of the court overruling her motion for a new trial, and that, as the trial below was before a jury, a motion for a new trial was and is requisite to an appeal. An examination of the transcript discloses that no exception was taken by plaintiff below to the overruling of plaintiff's motion for judgment or to the granting of defendant's motion for judgment. The record further discloses that upon the overruling of the plaintiff's motion for a new trial "the plaintiff then and there in open court gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth, Tex." It will be noted that the record fails to show that plaintiff formerly excepted to the action of the court in overruling her motion for new trial, but perhaps we are justified in treating her notice of appeal as including an exception to the judgment from which she appeals. At any rate, without approving the omission of a formal exception to the action of the court in overruling the motion for a new trial, and with no purpose to set a precedent justifying such omission, we have concluded to overrule appellee's motion to dismiss, and to entertain jurisdiction.

[3] Appellant's right, if any, to subject the land in question to the payment of a judgment rendered in her favor against S. W. Crutcher and others, must rest' upon a showing that at the time the deed was executed by S. W. Crutcher to Mattie D. Crutcher the plaintiff was a creditor of S. W. Crutcher, and S. W. Crutcher was insolvent at the time of said deed from him to his wife, and therefore said conveyance was in fraud of plaintiff's rights as such creditor. The articles of the statute on fraudulent conveyance pertinent to this question are:

"Art. 3966. Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal, every suit commenced, or decree, judgment or execution suffered or obtained, and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor.

"Art. 3967. Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this state subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be decreed to be void as to subsequent creditors or purchasers."

If S. W. Crutcher was solvent at the time he conveyed this land to his wife, April 1, 1914, and able to respond to all just claims against him, or if plaintiff was not at that time a creditor of S. W. Crutcher, she is in no position to complain that such conveyance was made to Mrs. Crutcher in fraud of plaintiff's rights. Ordinarily a subsequent creditor cannot successfully attack the conveyance made by one who afterwards becomes his debtor. De Garca v. Galvan, 55 Tex. 53; Hodges v. Taylor, 57 Tex. 196; Riggs v. Hanrick, 59 Tex. 570; Cason v. Chambers, 62 Tex. 305. The record discloses that a judgment was rendered in favor of Mrs. A. A. Allen against S. W. Crutcher and others on March 27, 1916, nearly two years subsequent to the date of the deed from S. W. Crutcher to his wife. There is nothing in the judgment, so far as copied in the record, which discloses the date of the notes upon which the judgment was predicated, nor do we find anything in any other part of the statement of facts giving such information. Hence, so far as the record discloses, at the time S. W. Crutcher made the deed to his wife he did not owe Mrs. Allen, and so far as she is concerned Crutcher's conveyance of the land is not shown to be in fraud of creditors. Also, the evidence is very meager upon the question of Crutcher's insolvency at the time of said conveyance. He testified that he was not insolvent at that time, and we are of the opinion that the evidence upon that issue is probably sufficient to support the conclusion of the jury that he was solvent. But whether he was solvent or insolvent on April 1, 1914, if Mrs. Allen was not a creditor at that time she shows no right to set aside the deed because in fraud of creditors.

Hence we conclude, irrespective of any question as to the tenability of the claims of the Pierce heirs or of Mrs. Crutcher to the title to the land in question, that plaintiff failed to establish by requisite proof one of the essentials necessary to sustain her claim. It therefore becomes our duty to affirm the judgment of the trial court, and it is so ordered.