## HEAD v. W. T. RAWLEIGH CO.

No. 5306.

Court of Civil Appeals of Texas. Amarillo.

May 19, 1941.

Rehearing Denied June 16, 1941.

K. H. Dally, of Borger, for appellant.

Biggers, Baker & Lloyd, of Dallas, and G. C. Harney, of Sherman, for appellee.

FOLLEY, Justice.

This is an appeal brought by L. D. Head from an adverse judgment in a trial of right of property in connection with a judgment execution levy upon a 1937 Packard sedan automobile. The W. T. Raw-

leigh Company was the plaintiff and judgment creditor, L. D. Head the claimant and J. W. Head the original judgment debtor. The execution was issued out of the County Court of Bell County, Texas, in a cause wherein the W. T. Rawleigh Company recovered judgment against J. W. Head in the sum of $575 with interest and costs. Levy was made upon the automobile in Hutchinson County and its value assessed at $600 by the officer making the levy. Thereupon, L. D. Head, who is a brother of J. W. Head, executed and delivered to the officer making the levy his claimant's oath and bond as provided by law and the automobile was delivered to him. The officer made his return to the District Court of Hutchinson County where the issues were joined by written pleadings.

The cause was tried before a jury and upon special issues submitted the following findings of fact were made: (1) that L. D. Head was in possession of the property at the time of the levy; (2) that the reasonable market value of the automobile was $600; (3) that L. D. Head was the owner of the automobile at the time of the levy; (4) that J. W. Head was not the owner at such time; and (5) that the claim that the car belonged to L. D. Head was a mere pretense falsely made for the purpose of avoiding the execution sale of the same. Without a motion for judgment non obstante veredicto having been filed by either party the trial court rendered judgment denying the claim of L. D. Head and granting the W. T. Rawleigh Company a recovery against him and his sureties in the sum of $696.96, with interest and costs. This judgment was entered June 18, 1940. The judgment recites that L. D. Head gave notice of appeal but no exception was otherwise shown to have been made to the judgment. No motion for a new trial was filed until July 27, 1940, which was the last day of the term of the district court. Such motion was in general terms merely to the effect that the verdict and judgment were contrary to the evidence, not supported by the evidence and contrary to the law and facts. The motion was overruled the same day presented and no exception or notice of appeal appears to have been made. The appellant, L. D. Head, filed his supersedeas bond on the same day the motion for new trial was overruled.

■ The appellee, W. T. Rawleigh Company, has filed a motion to dismiss this appeal chiefly because of the appellant's failure to except to the judgment or the order overruling his motion for a new trial. Since no formal words are essential to an exception to the judgment we think that the notice of appeal given by the appellant, as above noted, was sufficient in itself to constitute an exception. Allen v. Crutcher et al., Tex.Civ.App., 216 S.W. 236, writ refused; Counts v. Southwestern Land Co., Tex.Civ.App., 206 S.W. 207.

■ The appellant presents several assignments and propositions seeking to reverse the judgment of the trial court but none of them we think were sufficiently presented in his motion for a new trial to warrant our consideration. The trial having been before a jury it was essential that appellant distinctly set forth in his motion for a new trial the grounds of error relied upon, otherwise the same are waived unless they come under some of the exceptions to Rule 24 for the Court of Civil Appeals and Rule 71a for District Courts. Stillman v. Hirsch, 128 Tex. 359, 99 S.W. 2d 270; Barrera v. Duval County Ranch Co., Tex.Civ.App., 125 S.W.2d 518, writ refused; Commercial Inv. Co. of Uvalde v. Graves et al., Tex.Civ.App., 132 S.W.2d 439, writ refused; Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160; American Casualty Co. v. Berfield, Tex. Civ.App., 129 S.W.2d 838; Prescott v. Metropolitan Life Ins. Co., Tex.Civ.App., 129 S.W.2d 821; Trapp v. Lampton et al., Tex. Civ.App., 112 S.W.2d 1112; Edmondson v. Carroll, Tex.Civ.App., 134 S.W.2d 378, writ dismissed, correct judgment; Carnley v. Kelley, Tex.Civ.App., 130 S.W.2d 910; Nickel et al. v. Nickel et al., Tex.Civ.App., 130 S.W.2d 1085.

■ The only exception to the above rules which could have any application here is the one with reference to fundamental error. By none of his assignments has the appellant called our attention to fundamental error, however, under the above authorities and many others, assignments of error are not required to review fundamental error.

■■ In this connection we are of the opinion fundamental error is apparent in the record before us. We think it is evident there is a conflict in the findings of the jury above noted, which, in the absence of a motion for judgment non obstante veredicto, precluded the rendition of any judgment in this case. Article 2211, Ver-

non's Annotated Civil Statutes; Hines et al. v. Parks et al., 128 Tex. 289, 96 S.W.2d 970. A casual examination of the above findings of the jury will confirm our opinion in this respect. It will be seen that by issues 3 and 4 the jury found that the appellant L. D. Head and not J. W. Head was the owner of the automobile at the time of the levy. By issue 5 the jury found that the claim that the automobile belonged to L. D. Head was a "mere pretence falsely made for the purpose of avoiding the execution sale of the same". If the automobile was owned by the appellant and not by J. W. Head, the judgment debtor, the execution levy of the appellee must necessarily fall, and the finding in issue 5 to the effect that appellant's claim was a fictitious one presents no more than an irreconcilable conflict as to the ownership of the automobile neither of which theories might have been disregarded by the trial court in the absence of a motion non obstante veredicto, and then only in the event such finding had no support in the evidence. We therefore conclude the trial court committed fundamental error in rendering judgment for the appellee.

The judgment is reversed, and the cause remanded.