## PERKINS v. PERKINS.
### No. 6128.

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1951.

Robert Gallaway, Borger, for appellant. Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee.

MARTIN, Justice.

Lorraine C. Perkins obtained a decree of divorce from G. A. Perkins in the State of Oklahoma on October 26, 1949. This decree provided that the same would not become absolute until the expiration of six months from the date of October 26, 1949.

G. A. Perkins, defendant in the Oklahoma divorce, married Maude Perkins on January 11, 1950, at Dumas, Texas. On April 12, 1950, G. A. Perkins filed a suit for annulment of his marriage to Maude Perkins and alleged as grounds for annulment that on the date of his marriage to Maude Perkins, he was still married to Lorraine C. Perkins. Thereby, he placed in issue the status of the divorce obtained by Lorraine C. Perkins in the State of Oklahoma.

By way of bringing this cause down to the sole point on the merits, it is noted that appellant gave written notice of appeal but did not formally except to the trial court's judgment or to the trial court's findings of fact and conclusions of law. An exception would have been the better procedure, but under the decisions the cause may be considered on its merits. Allen v. Crutcher, Tex.Civ.App., 216 S.W. 236; Head v. W. T. Rawleigh Co., Tex.Civ.App. 152 S.W.2d 463; Temple Hill Development Co. v. Lindholm, Tex.Com.App., 231 S.W. 321; Tyler Construction Co. v. Browning-Ferris Mach. Co., Tex.Civ.App., 163 S.W. 2d 701.

Further, the status of the law of Oklahoma places in issue a question in the nature of an issue of fact. No answer to this question is found in the record other than in the trial court's taking judicial notice of the Oklahoma law as provided by Texas Rules of Civil Procedure, Rule 184a. And, the trial court, though not finding as a fact the Oklahoma law as applicable to this cause, filed a conclusion of law that the marriage contract of G. A. Perkins and Maude Perkins was void under the Oklahoma law. The trial court further filed its conclusion of law that the marriage of plaintiff and defendant was void, and if not void was voidable at the suit of either party.

It is to be noted that the trial court by its finding of fact No. 2 did not find as a fact that the dissolution of the marriage relation between G. A. Perkins and Maude Perkins was not effective until April 26, 1950, but, the trial court only finds that the Honorable C. B. Holtzendorff, district judge of the district court in Oklahoma, on October 26, 1949, caused to be entered a journal entry finding and decreeing that said Lorraine C. Perkins was entitled to a divorce and decreeing that such divorce be granted and that same should not become absolute until the expiration of six months from October 26, 1949. The trial court in Texas only found that such a journal entry was made in the district court of Oklahoma—there is no finding that the judgment so entered did not become final for a period of six months from the date rendered. When the judgment became final under such journal entry would be a question of the law of Oklahoma under the statutes and decisions applicable thereto.

A disposal of the above preliminary matters brings us down to the sole question involved in this appeal. Was the Oklahoma judgment of divorce, containing a provision that the same would not become final until the expiration of six months from October 26, 1949, a final judgment on the date the same was rendered on October 26, 1949? If the judgment was final when rendered, it is entitled to full faith and credit in the courts of Texas. It follows that if G. A. Perkins was married to Lorraine Perkins on the 11th day of January, 1950, he could not contract a lawful marriage with Maude Perkins on that date. Under the issues in this cause, if the Oklahoma divorce was final on October 26, 1949, G. A. Perkins was a single man and his marriage to Maude Perkins on January 11, 1950 was a lawful marriage.

As to the essential question of finality of the Oklahoma judgment of divorce, let us first look to the laws of Oklahoma for an answer. In re Smith, 2 Okl. 153, 37 P. 1099, a prosecution for adultery wherein only the wife could prosecute her husband, holds that since the wife's divorce was final when entered it constituted a bar to her prosecution of her former husband. This decision is a direct holding on the six months' clause here in issue. Barnett v. Frederick, 33 Okl. 49, 124 P. 57 (second case), by the Supreme Court of Oklahoma, holds that a judgment of divorce is final on the date rendered regardless of the six months' clause. Brown v. Capps, 164 Okl. 91, 22 P.2d 1008, is another direct ruling on the six months' clause. In that cause, the Supreme Court of Oklahoma holds that a deed executed by a wife, subsequent to the divorce decree but before the expiration of six months from the date thereof, is valid notwithstanding the husband did not join therein.

The Oklahoma decisions embodying the statute and interpreting the same have been cited here as a Texas court cannot take judicial notice of the statutory laws of a sister state, and where such statutes are relied upon as a basis of recovery, or as a defense, they must be pleaded by the party who relies upon them. They are never provable unless pleaded. John Hancock Mutual Life Ins. Co. v. Stanley, Tex. Civ.App., 215 S.W.2d 416, at page 423. The Supreme Court of Texas in Lamb v. Hardy, 109 Tex. 414, 211 S.W. 445, holds that a foreign court is the only tribunal competent to decide upon either the common law or the statute law of its own state. The Oklahoma cases as cited are conclusive as to the statute involved and as to a construction of the six months' clause. Lacy v. Hitzeman, Tex.Civ.App., 190 S.W.2d 764; Stout v. Stout, Tex.Civ.App., 214 S.W.2d 891.

But, in the absence of pleading and proof of the law of Oklahoma, it will be presumed that the law of Oklahoma applicable to such case is the same as in Texas. Under such presumption, the judgment of divorce would become final even with the six months' clause therein, as under Texas law no such provision is recognized. Vickers v. Faubion, Tex.Civ.App., 224 S.W. 803. Bell v. Wedgeworth, Tex.Civ.App., 73 S.W.2d 920, is a Texas case involving a Nebraska statute like that found in the Oklahoma law. The Texas court found that such a judgment was entitled to full faith and credit as a final judgment despite a clause therein providing it would not be-

come absolute for six months from date, in the absence of showing that the decree was modified or changed.

The judgment of divorce as rendered in Oklahoma was final on October 26, 1949, and entitled to full faith and credit in the Texas courts. It could not constitute a basis for annulment of a marriage contracted January 11, 1950 in the State of Texas.

The judgment of the trial court is reversed and judgment is rendered for the appellant, Maude Perkins.