## ETHRIDGE v. SULLIVAN et al.
### No. 6181.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1951.

Rehearing Denied Nov. 19, 1951.

Adkins, Folley, Adkins & Hankins, Amarillo, for appellant.

E. O. Northcutt, Amarillo, Fred King, Guymon, Okl., for appellees.

MARTIN, Justice.

Appellees, C. A. Sullivan and wife, A. M. Sullivan, and their foster daughter, Sylvia Vanderwork, and appellant, J. T. Ethridge, and Mrs. Ethridge were friends of some years duration. On June 4, 1950, the appellees, as guests of appellant, J. T. Ethridge, accompanied Ethridge and his wife on a pleasure trip to certain night clubs in Oklahoma City. About 1:30 or 2 o'clock a. m., appellant was driving the party back to the hotel from Louie's "29" Club and was on a six lane highway when one Jernigan, while intoxicated and very drunk, drove an old dirty-brown De Soto automobile without lights on the same over the center line of this six lane highway and into the Ford automobile of the appellant. The appellees sustained injuries in the collision and brought suit against appellant for damages and recovered $15,100 in the trial court. Appellees and appellant were still friends at the time of the trial and appellee, C. A. Sullivan, injected into the trial evidence that Ethridge carried insurance. It is evident from the record that concern as to liability for damages rests only in Ethridge's insurer.

Appellees plead and introduced in evidence certain statutes of the State of Oklahoma but no cases are found in the record as to the construction or application of such statutes under the laws of Oklahoma. The pleadings and uncontroverted evidence establish that appellees were guests of the appellant but there is no clarification in the record of the laws of Oklahoma as to whether such state has a guest statute sim-

ilar to the Texas Guest Statute, Article 6701b, Vernon's Annotated Texas Civil Statutes.

Upon plaintiff, C. A. Sullivan's, injecting into the trial evidence that defendant Ethridge was insured, defendant's attorneys made a motion for a mistrial which was refused by the trial court. On completion of the evidence, the defendant made a motion for a directed verdict. To this point in the trial of the cause, the case had been conducted entirely on the theory of ordinary negligence. Upon a verdict being returned, the appellant duly made a motion for judgment non obstante veredicto setting up Article 6701b as grounds therefor. Appellant's motion was overruled by the trial court and judgment entered upon the verdict for appellees and appellant perfected his appeal.

This appeal is predicated on three points. Point One is that appellees were precluded from any recovery by virtue of the Texas Guest Statute,.Article 6701b, Vernon's Annotated Texas Civil Statutes, and that the Court should have granted appellant's motion for a judgment non obstante veredicto. Point Two alleges that the trial court erred in refusing appellant's motion for a mistrial when appellee, C. A. Sullivan, on direct examination, voluntarily injected into the evidence the issue that appellant carried insurance. Point Three is that the trial court erred in failing to grant appellant's motion for a new trial because of jury misconduct in that the jury during its deliberations discussed the question of appellant being insured.

The fundamental issue as to liability is whether Article 6701b, Section 1, generally known as the Texas Guest Statute, is applicable to this cause as an examination of the record reveals no evidence that would place liability upon appellant under this statute and the decisions of the courts of Texas construing the same. The points will now be discussed in their order.

■ Appellees contend that the law of Oklahoma is the applicable law of the case and that the Texas Guest Statute, Article 6701b, is a defensive matter and that there was no burden upon the appellees to plead and prove that there was no guest statute applicable under the Oklahoma law. This issue has been decided adversely to the appellees by the Supreme Court of Texas in Lamb v. Hardy, 109 Tex. 414, 211 S.W. 445, 446, wherein the court held: "And it is likewise unquestionable that it was incumbent on plaintiff in error, if he would defeat a recovery on the notes, to prove, as well as allege, that the law, as construed in Oklahoma territory, was different from the law in Texas."

■ No action being taken by the appellees in the trial court, as to that court taking judicial knowledge of the laws of Oklahoma in so far as the issue of a guest statute is concerned, and there being no pleading or proof that the law in Oklahoma is different from the law of Texas, Article 6701b, Section I, Vernon's Annotated Texas Civil Statutes, must be taken as the law governing the cause under appellees' pleadings and the uncontroverted proof in the trial court that the appellees were the guests of the appellant. Lamb v. Hardy, 109 Tex. 414, 211 S.W. 445; Vickers v. Faubion, Tex. Civ.App., 224 S.W. 803; John Hancock Mutual Life Ins. Co. v. Stanley, Tex.Civ.App., 215 S.W.2d 416; Pendleton v. Hare, Tex. Com.App., 231 S.W. 334; Perkins v. Perkins, Tex.Civ.App., 237 S.W.2d 659. Also see Vol. 16 Texas Digest, Evidence, ⊗80 (1).

■ Article 6701b, Vernon's Annotated Texas Civil Statutes, as applicable to the cause is as follows: "Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." In conjunction with the above article an examination of the facts, under the applicable rules, discloses that the appellant was not driving at a dangerous rate of speed and the jury in the cause so found. Further, the uncontroverted evi-

dence shows that appellant was driving his Ford automobile to the right of the center of a six lane highway at night when an intoxicated and drunken driver coming from the opposite direction drove an old dirty-brown De Soto automobile, without any lights thereon, across the center stripe of the six lane highway and into appellant's automobile. Appellee, Mrs. Allie M. Sullivan, admitted in her testimony that although she was watching the highway she did not see this car until it was just about three car lengths away and coming upon them without any lights and that it just loomed up in front of them. There is no evidence that appellant ever crossed over the center stripe of the highway and all the appellees shortly after the collision made voluntary statements evidencing no negligence on the part of appellant on the night in question. An examination of the statement of facts reveals no evidence that could remotely place liability upon the appellant in the light of Article 6701b, Section 1, Vernon's Annotated Texas Civil Statutes and the decisions of the courts of Texas construing the same. Rogers v. Blake, Tex.Sup., 240 S.W.2d 1001; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022, 1025; Pfeiffer v. Green, Tex. Civ.App., 102 S.W.2d 1077; Gill v. Minter, Tex.Civ.App., 233 S.W.2d 585. Appellant's motion for judgment non obstante veredicto based upon the provisions of Article 6701b, Section 1, should have been granted and error is shown under appellant's Point One.

■ Under appellant's Point Two a mistrial should have been ordered upon plaintiff, C. A. Sullivan, injecting into the cause evidence that defendant carried insurance. Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962. It is noted that plaintiffs' attorney correctly joined with the defendant's attorney in requesting a mistrial on this issue. It was likewise error for the jury in its deliberations to discuss the issue of appellant being insured. Greer v. Rogers, Tex.Civ.App., 131 S.W.2d 782. A reversal is required under these points but a ruling on Point One renders the issue of in-

surance being injected into the cause a secondary issue.

In conclusion it may be observed that certain Oklahoma statutes were pleaded and introduced in evidence but such statutes could have no application to this cause as certain sections of such statutes are concerned only with speed of vehicles and on this issue the jury found for appellant. Other sections of the Oklahoma statutes deal with driving to the left side of the center of the roadway and with driving in the center lane of a roadway divided into three lanes. These sections of the Oklahoma statutes could have no application to this cause where the appellant was shown by the uncontroverted evidence to be driving to the right of the center of a six lane highway.

■ The cause was submitted wholly on the theory of ordinary negligence. Under this theory the uncontroverted evidence establishes that the sudden appearance of the drunken driver's automobile, at night without any lights thereon, on appellant's right hand side of a six lane highway was an occurrence which could not have been reasonably foreseen or anticipated by the occupants of appellant's automobile. Appellee, Mrs. Allie M. Sullivan's testimony is as follows, "Q. Just loomed up, like that, in front of you? A. Yes, sir." An applicable rule to the facts developed in this cause under the theory of ordinary negligence is found in East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613, 616. "The doctrine that foreseeableness or anticipation of injury is a necessary element to proximate cause is now so well established in this State that it is hardly necessary to do more than state the rule."

■ Appellees wholly failed to establish a cause of action against the appellant under the provisions of Article 6701b, Section 1, Vernon's Annotated Texas Civil Statutes, and it appearing that the facts have been fully developed in the cause the judgment of the trial court is reversed and judgment is rendered for the appellant.