Annie Lula **WICKWARE** et al., Appellants,

v.

Ronald Alan **SESSION** et al., Appellees.

No. 859.

Court of Civil Appeals of Texas, Tyler.

June 10, 1976.

Rehearing Denied July 8, 1976.

R. A. Neathery, Dallas, John S. Ament, Jacksonville, Thomas A. Kendall, Rusk, for appellants.

Robert A. von Doenhoff, Charles R. Holcomb, Cox & Holcomb, Rusk, for appellees.

DUNAGAN, Chief Justice.

This case involves the legitimation of children and their right to inherit from their father.

Ronald and Gloria Session instituted this Trespass to Try Title action against Annie Lula Wickware and other named persons claiming title to 117 acres in Cherokee County, Texas, through Aaron Session, deceased. The Trial Court, without the aid of a jury, made the following findings: that Aaron Session held title to this property at the time of his death; that a 1967 California proceeding determined that Ronald and Gloria Session were the children of Aaron Session; that California law permits an illegitimate child to inherit from a person who makes a written acknowledgment of paternity; that Aaron Session had executed such an instrument; and that Ronald and Gloria were the lawful children and only heirs of Aaron Session.[1]

The Trial Court's conclusions of law were as follows: that the law of California determines the status of Ronald and Gloria as the children of Aaron Session; that the findings in this regard of the California Court were entitled to full faith and credit in Texas courts; and that Ronald and Gloria each inherited an undivided one-half interest in the 117 acres and were entitled to possession of that property. The Trial Court rendered judgment that Ronald and Gloria recover title and possession of the described property from the named defendants.

The defendants appealed to this Court on 15 points of error. Appellees argue that the Trial Court's judgment may be sustained on any one of three bases, to-wit: (1) the effect of Aaron Session's acknowledgment of paternity under Chapter 13 of the Texas Family Code; (2) the California Court's determination of the status of Ronald and Gloria and the inheritance rights of legitimated children under Texas law; or (3) the rights of illegitimate children under the Equal Protection clause of the 14th

Amendment to the United States Constitution. We affirm the Trial Court's judgment on the basis of the California Court's determination and the operation of Texas law thereon.

Ronald and Gloria were born in Alameda County, California, on August 17, 1952, and September 30, 1953, respectively. Their mother, Joanna Barksdale, testified that although she married a Mr. Barksdale in 1944, she began living with Aaron Session in 1951 and continued to live with him for some time after the birth of Gloria Session. The acknowledgment of paternity was signed by Aaron Session on February 18, 1957, pursuant to a suit instituted by Joanna Barksdale in California for the support of Ronald and Gloria. Aaron Session died intestate on January 13, 1967, in Alameda County, California. On December 18, 1967, Mrs. Barksdale, as the administratrix of Aaron Session's estate and the Guardian of Ronald and Gloria, obtained an Order assigning the decedent's estate to Ronald and Gloria. The Order's description of the estate did not mention the Texas realty which is the subject of this suit. That Order designated Ronald and Gloria as the "duly acknowledged children of decedent."

Appellants attack the Trial Court's treatment of the 1967 California proceeding on several grounds which may be stated thusly:

I. Was the certified and authenticated copy of the California proceeding admissible?

II. Was the law upon which the California proceeding was based properly before the Trial Court?

III. What effect can the California proceeding have upon Texas realty?

We will discuss these issues in that order.

I. Admissibility of the California Proceeding

■ Appellants contend that the copy of the 1967 California proceeding was inadmis-

---

1. The last-mentioned finding was made "separately," apparently in reliance upon the written acknowledgment of paternity rather than the

California Court's determination that Ronald and Gloria were the children of Aaron Session.

sible because appellees failed to comply with Section 3, the Notice to Adverse Party requirement, of Tex.Rev.Civ.Stat.Ann. art. 3731a (Supp.1975). Article 3731a is the codification of the "Official Written Statements" exception to the Hearsay rule. See 2 McCormick and Ray, *Evidence*, Section 1293 (1956). Section 2 of this Article provides that any written instrument which may be filed by an officer or clerk of another state in the performance of the functions of his office, shall, so far as relevant, be admitted in Texas courts. Section 3 of the Article requires the delivery of a copy of the writing to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party was not unfairly surprised by the failure to deliver such copy.

■ While appellants admit that they received a copy of the proceeding 5 days before trial. they argue that this was not a reasonable time because appellees filed this suit in 1969. Appellants also state that they were unfairly surprised.

Even if 5 days was not a reasonable time, appellants' mere statement of unfair surprise will not exclude an otherwise admissible instrument. Unfair surprise under Article 3731a must be shown. *Viera v. State,* 493 S.W.2d 160 (Tex.Cr.App.1973); *Cooley v. Texas Dept. Public Safety,* 348 S.W.2d 267, 269 (Tex.Civ.App.—Fort Worth 1961, n. w. h.). Moreover, appellants made no request for a continuance or for leave to withdraw their announcement of "ready." *See Greene v. Watts,* 332 S.W.2d 419, 425 (Tex.Civ.App.—Dallas 1960, n. w. h.). The copy of the California Court's Order assigning part of Aaron Session's estate to Ronald and Gloria was properly admitted.

## II. Judicial Notice of the California Legitimation Statute

■ The Trial Court concluded, and we agree, that the California Court made a finding regarding the status of Ronald and Gloria. That finding was that Ronald and Gloria were the *duly acknowledged* children of Aaron Session; i. e. that they had been legitimated pursuant to California law.

While appellants do not attack the substance of either the California Court's finding or the California statute upon which the finding was based, they do contend that the Trial Court erred in taking judicial notice of that statute, to-wit: California Probate Code Section 255. Appellants first contend that appellees' failure to plead Section 255 precluded the Trial Court's judicial knowledge thereof under Tex.R.Civ.P. 184a.

Prior to the adoption of Rule 184a in 1943, the common law regarding judicial notice of the laws of a sister state required the pleading and proof of these laws. *See Lamb v. Hardy,* 109 Tex. 414, 211 S.W. 445 (1919). Rule 184a, however, eliminated the necessity of pleading the law of the sister state. Thomas, *Proof of Foreign Law in Texas,* 25 Sw.L.J. 554, 559 (1971); 8 Texas B.J. 37, *Advisory Opinions of Subcommittee on Interpretation of the Texas Rules of Practice and Procedure in Civil Cases* (1945). Appellants rely on *John Hancock Mutual Life Ins. Co. v. Stanley,* 215 S.W.2d 416, 423 (Tex.Civ.App.—Fort Worth 1948, n. w. h.) to support their contention that pleading and proof of the statutory laws of a sister state are pre-requisites to the taking of judicial notice thereof. That case, however, pointed out the non-compliance with Rule 184a and then held that the common law rule controlled. 30 Texas L.Rev. 253 (1951).

Rule 184a requires a motion that the judge take judicial notice of a law of another state, sufficient information to enable the judge to comply with the request and such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. Tex.R. Civ.P. 184a. It is undisputed that appellees requested that the Trial Court take judicial notice of California Probate Code Section 255. Also, appellees furnished the Trial Court with a photocopy of Section 255 which was stipulated by appellants to be true and correct. Appellants argue, however, that they were not given proper notice.

Although appellants objected to the lack of proper notice when appellees requested

the Trial Court to take judicial notice of California Probate Code Section 255, appellants did not request a recess or continuance during which they could prepare a defense to appellees' motion. The Trial Court's offer to appellants of a 10-day recess for the production of a proper copy of the California statute was refused by appellants. We do not believe that appellants were denied an opportunity to meet the request for judicial notice or that the Trial Court erred in taking judicial notice of California Probate Code Section 255. *Utica Mutual Ins. Co. v. Bennett,* 492 S.W.2d 659, 664 (Tex.Civ.App.—Houston, 1st Dist., 1973, n. w. h.); *Gard v. Gard,* 244 S.W.2d 884, 887 (Tex.Civ.App.—El Paso 1951, n. w. h.).

### III. The Effect of the California Court's Determination upon Texas Realty

■ The Trial Court gave full faith and credit to the California Court's determination that Ronald and Gloria were the "duly acknowledged" or legitimated children of Aaron Session.[2] Appellants contend that the California determination can have no effect upon Texas real estate. This contention involves Conflict of Laws principles.

Whether a person must be legitimate in order to inherit an interest in land upon intestacy is determined by the law of the situs. *Pilgrim v. Griffin,* 237 S.W.2d 448, 450 (Tex.Civ.App.—El Paso 1950, writ ref'd n. r. e.); Restatement (Second) of Conflict of Laws, Section 237(1) (1971). Whether a person is legitimate is determined by the law of the state with the most significant relationship with that person. Restatement (Second) of Conflict of Laws, Section 287(1) (1971). This is usually the state where the child or the parent was domiciled at the time of the act creating the status of legitimacy. *Boudreaux v. Taylor,* 353 S.W.2d 901, 903 (Tex.Civ.App.—Waco 1962, n. w. h.); *Pilgrim v. Griffin,* supra, 237 S.W.2d at

451; Restatement (Second) of Conflict of Laws, Section 287(2) (1971). The courts of the situs will usually recognize and uphold the determination of a person's status by a court of his domicile. *Martinez v. Gutierrez,* 66 S.W.2d 678, 681 (Tex.Com.App.1933, holding approved).

■ It is undisputed that Ronald and Gloria were born in California and resided there when the California Court determined that they were the duly acknowledged children of Aaron Session. Joanna Barksdale and Aaron Session were residents of California before and after the birth of Ronald and Gloria. The record shows that Joanna Barksdale is still a resident of California and that Aaron Session resided there until his death. We conclude that the law of California determines the status of Ronald and Gloria. We further conclude that the Trial Court did not err in recognizing and upholding the California Court's determination of legitimacy.

■ Appellants do not contend that a person who has been adjudged the child of another cannot inherit real estate from the other. This right seems clear. Tex.Family Code Ann. Section 13.09 (Supp.1975) and Tex.Prob.Code Ann. Section 38 (1956). The Trial Court properly concluded that Ronald and Gloria were entitled to title and possession of the property in question.

Appellants' final point is that Ronald and Gloria could not be the legitimate children of Aaron Session since they were born during the marriage of their mother to another man. Appellants rely upon the presumption of legitimacy that attaches to children born during lawful wedlock. Appellants argue that since Ronald and Gloria were never illegitimate, they could not have been legitimated.

This argument is premised upon the disposition of a similar fact situation in *Esparza v. Esparza,* 382 S.W.2d 162 (Tex.Civ.App.

---

2. The question of recognition of a foreign status of legitimacy is one of comity and not of constitutional law under the full faith and credit provision. *Pilgrim v. Griffin,* 237 S.W.2d 448, 450 (Tex.Civ.App.—El Paso 1950, writ ref'd n. r. e.); Annot., 87 A.L.R.2d 1274, 1279

(1963). Nevertheless, courts have stated that full faith and credit was properly accorded to a foreign judgment establishing a particular legitimacy status. *See Howells v. Limbeck,* 172 Ohio St. 297, 175 N.E.2d 517, 518 (1961).

—Corpus Christi 1964, n. w. h.). That case also involved an issue of whether children born during their mother's marriage to one man could later be legitimated as the children of another man. There, as here, the mother testified unequivocally as to the parentage of the man who was not her lawful husband. That Court held that a wife cannot competently testify as to facts which tend to bastardize her children; the cause was remanded for a determination by competent evidence of whether the mother and the alleged father were the parents of the children. *Esparza v. Esparza,* supra, at 168.

It is now settled that a spouse can competently testify as to facts which tend to bastardize the children of that spouse. *Davis v. Davis,* 521 S.W.2d 603, 608 (Tex. 1975). We believe the testimony of Joanna Barksdale was sufficient to support the Trial Court's finding that Ronald and Gloria were the children of Aaron Session.

All of appellants' points have been carefully considered and the same are overruled. The judgment of the Trial Court is affirmed.