E. R. STEPHENSEN et ux., Appellants,

v.

Howard S. PERRY et al., Appellees.

No. 17497.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 4, 1979.

Rehearing Denied Oct. 25, 1979.

William R. Vance and John Delaney, Bryan, for appellants.

John M. Barron, Jr. and Roland M. Searcy, Jr., Bryan, for appellees. ·

Before PEDEN and WARREN, JJ.

WALLACE, Justice.

This is a suit to enforce deed restrictions on two residential lots owned by appellants. The trial court granted a mandatory injunction directing appellants to remove motor vehicles from one lot and to mow grass and weeds on the other one. The issues are: (1) the admissibility of records of the county clerk in the absence of prior filing and statutory notice to appellants, and (2) the sufficiency of the evidence to support findings of irreparable injury and lack of an adequate remedy at law.

The county clerk of Brazos County, the situs of the property, was called as a witness and brought with him his permanent records. When that portion of the county clerk's records containing the restrictive covenants was offered, appellants objected on the grounds of non-compliance with Article 3726, Tex.Rev.Civ.Stat.Ann. Appellees concede that copies of the restrictions were not filed with the papers in this suit and no prior notice was given as required by the statute. Appellees' original petition stated:

> Heretofore during the 1960's the plaintiffs purchased of and from J. C. Culpepper or his assigns lots included and protected by restrictive covenants of record in Culpepper Manor, Third Addition, to the City of Bryan County, Texas, a plat of which is of record and reference being hereby made to same for all purposes and to said plat and all restrictive covenants written therein . . . ."

This is not sufficient to comply with the prior filing or notice requirements of Article 3726. Appellees contend that the records of the county clerk were admissible under Article 3731a. That article refers to instrument, reports, etc. made by an officer of this state or of any governmental subdivision thereof. It is true that Brazos County is a subdivision of this state and the county clerk is an officer of that county. However, the records introduced by the appellees were not made by the county clerk. From the face of the record it is apparent they were made by private individuals, the grantors in the deed, and merely recorded by the county clerk. The cases cited by appellees interpreting Article 3731a are all distinguishable from the present case in that they pertain to records made by state officials or officials of subdivisions of the state. *Texas Industrial Trust v. Lusk*, 312

S.W.2d 324 (Tex.Civ.App.—San Antonio, 1958, writ ref'd), pertained to records of the State Securities Commission. The deputy commissioner who testified in that case had the original records with him and the objection to their admission was that they should not have been removed from Travis County to the county of suit. That case has no application here. In *Goolsby v. State*, 166 Tex.Cr.R. 180, 312 S.W.2d 654 (1950), the court considered the admission of the records of the Department of Public Safety, which records were prepared by the department and are thus distinguishable from the records in this case. In *Wickware v. Sessions*, 538 S.W.2d 466 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.) the records involved were those of a court in California and clearly covered by Article 3731a § 2, Tex. Rev.Civ.Stat.Ann.

Article 3731a is the codification of the "Official Written Statements" exception to the hearsay rule, *Wickware, supra*, and applies to records prepared by public officials in the performance of their official duties. 2 McCormick & Ray, Evidence, § 1293 (1956). The deed restrictions in this case were prepared by private parties and are not covered by Article 3731a. *Buzzard v. Mapco Inc.*, 499 S.W.2d 352 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.). Appellees offered no evidence to prove by common-law methods execution of the restrictions. Since execution was not proven under common-law and there was no compliance with Article 3726, the restrictions were not admissible. Appellants' points of error 1 and 2 are sustained. Since this error requires a reversal of the case, the points of error concerning the sufficiency of the evidence to support findings of no irreparable injury and no lack of adequate remedy at law will not be discussed.

The order of the trial court is reversed and the temporary mandatory injunction is dissolved.